**Larry Deatley and TRISH DeATLEY, Appellant,**

v.

**Humberto RODRIGUEZ and Panorama Marketing, Inc., Appellee.**

**No. 05–06–01324–CV.**

Court of Appeals of Texas, Dallas.

Feb. 29, 2008.

Patrick Christopher Parks, McKinney, for Appellant.

Jeffrey A. Yates, Plano, for Appellee.

Before Justices MORRIS, BRIDGES, and O'NEILL.

## OPINION

Opinion by Justice BRIDGES.

Larry DeAtley and Trish DeAtley appeal the trial court's August 22, 2006 amended judgment. In a single issue, the DeAtleys argue the trial court erred in amending its judgment based on an improper jury instruction when the jury instruction was first complained about post-trial. We affirm the trial court's judgment.

In the underlying case, the trial court submitted an exemplary damages question to the jury asking whether it found "by a preponderance of the evidence that Panorama Marketing, Inc. maliciously converted the personal property of Larry DeAtley and Trish DeAtley made the subject of this suit?" The jury answered this question affirmatively. However, the six-member jury was not unanimous, and only five jurors signed the verdict. On the record, the trial judge noted that five jurors signed the verdict and read aloud the answers to the questions in the charge. The trial judge stated he would "take up the second phase of the trial." Following the arguments of counsel, the trial judge submitted to the jury a question asking them to determine "from a preponderance of the evidence" the amount of money Panorama should pay as exemplary damages. The jury unanimously awarded $10,000 as exemplary damages. The trial judge received the jury's verdict and discharged the jury.

In a subsequent motion for new trial and, in the alternative, motion to reform judgment, Panorama argued the trial court erred in failing to instruct the jury that the DeAtleys had to establish the elements *entitling them to exemplary damages by* clear and convincing evidence, not by a preponderance of the evidence as stated in the *court's charge.* Further, Panorama argued judgment should have been rendered in favor of Panorama on the exemplary damages issue because exemplary damages can only be awarded if the jury is unanimous in finding liability for and the amount of exemplary damages, pursuant to section 41.003(d) of the civil practice and remedies code.

The trial judge conducted a hearing on Panorama's motion for new trial. The DeAtley's counsel argued Panorama had waived the issue of the proper evidentiary standard by failing to object. Panorama's counsel conceded he did not preserve error with respect to the proper evidentiary standard. However, he argued that, as a matter of law, the five-one verdict on the exemplary damages issue was legally insufficient, and error on that issue was

properly preserved when raised in a motion for new trial. The trial judge concluded Panorama's motion for new trial preserved the issue and reformed the judgment to eliminate the $10,000 exemplary damages award and associated interest. This appeal followed.

In a single issue, the Deatleys argue the trial court erred in entering a reformed judgment deleting the exemplary damages award. Specifically, the Deatleys argue Panorama failed to preserve its objection to the exemplary damages instruction. A verdict may be rendered awarding exemplary damages only if the jury was unanimous in finding liability for and the amount of exemplary damages. TEX.R. CIV. P. 292(b). To preserve error for a no evidence or a matter of law point, an appellant must raise the issue through, among other things, a motion for new trial. *United Parcel Service, Inc. v. Tasdemiroglu,* 25 S.W.3d 914, 916 (Tex.App.-Houston [14th Dist.] 2000, pet. denied). Thus, we conclude Panorama's motion for new trial was sufficient to preserve error on the issue of whether the non-unanimous verdict on the exemplary damages question rendered the verdict improper as a matter of law. *See id.* Because rule 292(b) requires a unanimous jury finding as to both liability for and the amount of exemplary damages, the non-unanimous verdict as to liability is insufficient as a matter of law to support an award of exemplary damages. TEX.R. CIV. P. 292(b). Accordingly, the trial court did not err in reforming the judgment to delete the exemplary damage award. We overrule the DeAtley's sole issue.

We affirm the trial court's judgment.