### In the ESTATE OF Alvilda Mae AGUILAR, Deceased

#### No. 04–16–00656–CV

Court of Appeals of Texas, San Antonio.

Delivered and Filed: February 22, 2017

Gino Estrada Cavallini, El Paso, TX.

Laura A. Cavaretta, Cavaretta, Katona & Francis, PLLC, William E. Leighner, Erin McNiece, Cavaretta, Katona & Leighner, PLLC, Arthur H. Bayern, Langley & Banack, San Antonio, TX.

Sitting: Sandee Bryan Marion, Chief Justice, Karen Angelini, Justice, Marialyn Barnard, Justice

### MEMORANDUM OPINION

#### PER CURIAM

This is an appeal from an order denying a tertiary motion to recuse and granting sanctions pursuant to section 25.00256 of the Texas Government Code. "The denial of a tertiary recusal motion is only reviewable on appeal from final judgment." Tex. Gov't Code Ann. § 25.00256 (West Supp. 2016); *see also In re Matter of Guardianship of Hart*, 460 S.W.3d 742, 743 (Tex. App.–Fort Worth 2015, no pet.) ("It is clear that a party may appeal from an order denying a motion to recuse a judge of a statutory probate court only after final judgment has been entered."); *Guilbot v. de Gonzalez*, 367 S.W.3d 442, 446–47 (Tex. App.–Houston [14th Dist.] 2012, pet. denied) (dismissing appeal of order denying tertiary recusal motion for lack of jurisdiction because order may not be reviewed on appeal from a final judgment).

On January 19, 2017, this court issued an order directing appellant to show cause in writing by February 5, 2017, why this appeal should not be dismissed for want of jurisdiction. On February 1, 2017, appellant responded to our order, stating this court has jurisdiction because a final judg-

ment has been entered in the underlying case.

Based on this court's review of the docketing statements and the clerk's records filed in the pending appeals arising from the underlying cause, this court has determined a final judgment has not been entered because the trial court's order approving final account signed on January 27, 2016, states, "that upon distribution of the Estate to such persons and the filing of the proper receipts therefor, the Court will hear consider [sic] the Independent Executor's Petition for a declaration that the Independent Executor be discharged and the administration of this Estate be closed." Pending at that time was the Independent Executor's Petition for Declaratory Judgment filed on December 9, 2015. The Independent Executor filed her First Amended Petition for Declaratory Judgment on March 3, 2016, and neither the record nor the docketing statement reflect that the trial court has signed an order disposing of the claims asserted in the petition. Because the order appellant seeks to appeal is only reviewable on appeal from a final judgment, this appeal is dismissed for lack of jurisdiction.