# NO. 12-16-00123-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *BRINDA REDWINE D/B/A TEXAS WORKING DOGS, APPELLANT* | *§* | *APPEAL FROM THE 369TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *BRIAN PECKINPAUGH D/B/A MONSTER MALAKS/NATURAL BORN GUARDIANS, APPELLEE* | *§* | *ANDERSON COUNTY, TEXAS* |

## *OPINION*

Brinda Redwine appeals the trial court's judgment and award of damages rendered against her for defamation of Appellee Brian Peckinpaugh d/b/a Monster Malaks (collectively Peckinpaugh). Redwine raises five issues on appeal. We reverse and render in part, modify in part, and affirm as modified.

## BACKGROUND

Redwine has been a breeder of livestock guardian dogs in Corsicana, Texas, for twenty years. She operates a website called WorkingDogs.com. In 2010, Peckinpaugh, who owned a business that bred Kangal guardian dogs, contacted Redwine to ask if she would assist him with his website. Redwine agreed, and the two became friends.

In 2011, Peckinpaugh told Redwine that he was importing a new dog breed from Turkey called "Turkish Boz." Redwine later researched that breed online and found pictures of its being used as a fighting dog in Turkey. Redwine found dog fighting to be extremely objectionable. As a result, she informed Peckinpaugh that she no longer desired to associate with him because she

feared their continued association would ruin her reputation in the livestock guardian dog community.

Thereafter, Redwine posted statements on her website in an attempt to distance herself from Peckinpaugh. Specifically, she posted that she had helped Peckinpaugh make his website before she realized he was a "dog fighter." She further wrote that the Turkish Boz dogs that Peckinpaugh imported suffered from elbow dysplasia, were not vaccinated, and several died from parvo or distemper. Finally, she posted that the dogs were being shipped into this country by the Taliban and Peckinpaugh sent money from his sales of the dogs to a known hater of Americans.

In November 2012, Peckinpaugh sued Redwine for defamation and sought to recover actual and exemplary damages.[1] The matter proceeded to a jury trial on September 21, 2015. At trial, the court's charge asked the jury about seven statements Peckinpaugh alleged Redwine had made about him. The jury answered in the affirmative that (1) Redwine had made each of the seven statements, (2) each of the statements was false, and (3) Redwine knew or should have known, in the exercise of ordinary care, that the statements were false and had the potential to be defamatory. As a result, the jury awarded $200,000.00 for past injury to reputation, $50,000.00 for future injury to reputation, $5,000.00 for mental anguish in the past, and $1.00 for mental anguish in the future. The jury further awarded $40,000.00 for lost income in the past and $1.00 for lost income in the future. Finally, the jury awarded $250,000.00 in exemplary damages. Judgment was entered on April, 21, 2016, and this appeal followed.

## DECRETAL LANGUAGE IN THE JUDGMENT

In her first issue, Redwine argues that the judgment is voidable because it lacks the necessary decretal language.

### Standard of Review

An order that fails to include any decretal language will not result in a final judgment since it adjudicates nothing. *See In re Wilmington Tr., Nat'l Ass'n*, No. 14-17-00074-CV, 2017 WL 946759, at *2 (Tex. App.–Houston [14th Dist.] Mar. 9, 2017, no pet.). Because the finality

---

[1] Peckinpaugh also sued Redwine's ex-husband, Ricky Thomas, but later nonsuited his causes of action against him.

of a judgment raises the issue of jurisdiction, it is a legal question we review de novo. *See **In re Guardianship of Miller***, 299 S.W.3d 179, 184 (Tex. App.–Dallas 2009, no pet.).

Judgments, like other written instruments, are to be construed as a whole toward the end of harmonizing and giving effect to all the court has written. ***Constance v. Constance***, 544 S.W.2d 659, 660 (Tex. 1976). Conclusive effect is not to be given to the commonly employed decretal words. *See **id.*** The determination of what the trial court adjudicates in its judgment is to be determined from a fair reading of all the provisions of the judgment. *See **id.*** In other words, a judgment is tested by its substance rather than by its form, and no particular phraseology is required to make a judgment valid. *See **Tourtelot v. Booker***, 160 S.W. 293, 296 (Tex. Civ. App.–El Paso 1913, writ ref'd). However, the language employed should indicate clearly action of a judicial character. *See **id.*** Thus, a judgment must show intrinsically and distinctly, rather than inferentially, that the matters in the record have been determined in favor of one of the litigants or that the rights of the parties in litigation have been adjudicated. *See **id.***

## Governing Law

A judgment is the consideration and determination of a court of competent jurisdiction on the matters submitted to it in an action or proceeding. *See **Sw. Bell Tel. Co. v. Griffith***, 575 S.W.2d 92, 96 (Tex. Civ. App.–Corpus Christi 1978, writ ref'd n.r.e.); *see also* TEX. R. CIV. P. 301. The primary objective in rendering judgment is concluding a controversy with as high of a degree of exact justice as possible. *See **In re Marriage of Grossnickle***, 115 S.W.3d 238, 248 (Tex. App.–Texarkana 2003, no pet.). As a result, the judgment's language must be certain and definite. *See **id.*** The essence of a judgment consists of either an award or a denial of the remedy sought. *See **State v. Reagan Cty. Purchasing Co.***, 186 S.W.2d 128, 136 (Tex. Civ. App.–El Paso 1944, writ refused w.o.m.).

A judgment is more than mere findings of fact in the controversy or even a recommendation as to the litigants' future course. *See **In re Thompson***, 991 S.W.2d 527, 532 (Tex. App.–Beaumont 1999, no pet.); *see, e.g.*, ***Davis v. Hemphill***, 243 S.W. 691, 693 (Tex. Civ. App.–Fort Worth 1922, no writ). Rather, it is the solemn sentence of law pronounced by the court on the facts found. *See **Davis***, 243 S.W. at 693. The judgment is to be distinguished from a judge's mere expressions of opinion where there is no intention that the expressions are to be accepted as the judgment of the court. *See **Chandler v. Reder***, 635 S.W.2d 895, 897 (Tex. App.–Amarillo 1982, no writ).

"Decretal" means the granting or denying of the remedy sought.  ***Envtl. Procedures, Inc. v. Guidry***, 282 S.W.3d 602, 620 n.21 (Tex. App.–Houston [14th Dist.] 2009, pet. denied).  The factual recitations or reasons preceding the decretal portion of a judgment form no part of the judgment itself.  ***Alcantar v. Oklahoma Nat'l Bank***, 47 S.W.3d 817, 823 (Tex. App.–Fort Worth, 2001, no pet.); *see also* ***Hines v. Villalba***, 231 S.W.3d 550, 553 (Tex. App.–Dallas 2007, no pet.) (where judgment recited amount of appellate attorney's fees, but lacked decretal language ordering defendants to pay those fees, judgment could not be used to enforce payment of those fees); ***Crider v. Cox***, 960 S.W.2d 703, 705 (Tex. App.–Tyler 1997, writ denied).

**Analysis**

In the case at hand, the trial court's judgment stated, in pertinent part, as follows:

> Based on the jury's verdict, it is ADJUDGED that:
>
> 1.      On the claim of defamation, the jury finds in favor of Plaintiff, BRIAN PECKINPAUGH, and against Defendant, BRINDA REDWINE d/b/a TEXAS WORKING DOGS, in the amount of $295,002.00 (Two Hundred Ninety Five Thousand Two and No/100 Dollars).
>
> 2.      On the claim for exemplary damages, the jury finds in favor of Plaintiff, BRIAN PECKINPAUGH, and against Defendant, BRINDA REDWINE d/b/a TEXAS WORKING DOGS, in the amount of $250,000.00 (Two Hundred Fifty Thousand and No/100 Dollars).
>
> 3.      Plaintiff, BRIAN PECKINPAUGH, is entitled to prejudgment interest on the damages awarded herein, measured from September 1, 2012, at the rate of 5% per annum, in the sum of $81,750.00 (Eight One Thousand Seven Hundred Fifty and No/100 Dollars).
>
> 4.      Plaintiff BRIAN PECKINPAUGH, is entitled to postjudgment interest on the total amount of the judgment and any prejudgment interest awarded hereinabove, at the rate of 5% per annum from the date this judgment is signed until paid.
>
> 5.      Costs are hereby taxed against Defendant BRINDA REDWINE d/b/a TEXAS WORKING DOGS.
>
> 6.      All relief requested by DEFENDANTS is hereby DENIED.
>
> 7.      All relief requested by PLAINTIFF against DEFENDANT RICKY THOMAS was nonsuited in open court and PLAINTIFF is entitled to no relief against DEFENDANT RICKY THOMAS by virtue of the nonsuit in open court.
>
> IT IS ORDERED that any party in favor of whom judgment is awarded is entitled to enforce this judgment through abstract, execution and any other process necessary.
>
> This judgment finally disposes of all parties and all claims and is appealable.

To "adjudge" means to "adjudicate" or to "award judicially." *Adjudge*, BLACK'S LAW DICTIONARY (10th ed. 2009). The word "adjudged" often is used alongside the word "decreed" in the typical decretal language, i.e., "ordered, adjudged, and decreed." *See, e.g., In re Wilmington Tr.*, 2017 WL 946759, at \*2. Here, in its judgment, the trial court set forth that it made an adjudication based on the jury's verdict. Shortly after its use of the word "adjudged," the trial court used a colon, which denoted that the language that followed was part of the court's adjudication based on the jury's verdict.[2] In that subsequent body of text, the court found for Peckinpaugh on the issue of defamation and awarded actual damages, exemplary damages, prejudment interest, and postjudgment interest. The court further ordered costs taxed against Redwine and denied her any relief sought. Lastly, the court ordered that Peckinpaugh is entitled to enforce the judgment through abstract, execution, and any other process and explicitly set forth its intention that the judgment "finally disposes of all parties and all claims and is appealable."

Based on the foregoing, we conclude that the language of the judgment in this case is sufficiently certain and definite. *See In re Marriage of Grossnickle*, 115 S.W.3d at 248. Moreover, it clearly indicates action of a judicial character and shows intrinsically and distinctly that the matters before the court have been determined in favor of one of the litigants and that the rights of the parties have been adjudicated. *See Booker*, 160 S.W. at 296. Therefore, we hold that the judgment contains sufficient decretal language. *See Guidry*, 282 S.W.3d at 620 n.21. Redwine's first issue is overruled.

## EXEMPLARY DAMAGES AND UNANIMITY OF VERDICT

In part of her second issue, Redwine argues that the trial court erred in awarding Peckinpaugh $250,000.00 in exemplary damages because the jury's verdict was not unanimous.

### Standard of Review and Governing Law

Whether a jury's award of exemplary damages is supported by a unanimous finding as to liability and the amount of exemplary damages is construed as a "no evidence" or "matter of law" issue. *See Deatley v. Rodriguez*, 246 S.W.3d 848, 850 (Tex. App.–Dallas 2008, no pet.).

---

[2] Among other things, a colon introduces a list or series and introduces a clause that explains or illustrates what has gone before. *See Colon*, MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY: A HANDBOOK OF STYLE (11th ed. 2011); *cf. D.A. v. Tex. Health Presbyterian Hosp. of Denton*, 514 S.W.3d 431, 434 (Tex. App.–Fort Worth 2017, pet. filed) (underscoring the importance of employing rules of grammar in interpreting statutory text).

To determine whether legally sufficient evidence supports a challenged jury finding, we must consider evidence that favors the finding if a reasonable factfinder could consider it, and we must disregard evidence contrary to the challenged finding unless a reasonable factfinder could not disregard it. *See City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). We may not sustain a legal insufficiency, or "no evidence," point unless the record demonstrates (1) a complete absence of evidence of a vital fact; (2) that the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) that the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) that the evidence conclusively establishes the opposite of the vital fact. *See id.* at 810. More than a scintilla of evidence exists when the evidence supporting the finding, as a whole, rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997). Less than a scintilla of evidence exists when the evidence is so weak as to do no more than create a mere surmise or suspicion of a fact. *Driskill v. Ford Motor Co.*, 269 S.W.3d 199, 203 (Tex. App.–Texarkana 2008, no pet.) (citing *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003)).

We review legal conclusions de novo and will uphold them if the judgment can be sustained on any legal theory supported by the evidence. *See Brown v. Brown*, 236 S.W.3d 343, 348 (Tex. App.–Houston [1st Dist.] 2007, no pet.). The trial court's conclusions of law are not subject to challenge for lack of factual sufficiency, but we may review the legal conclusions drawn from the facts to determine their correctness. *Id.*

A verdict may be rendered awarding exemplary damages only if the jury was unanimous in finding liability for and the amount of exemplary damages. TEX. R. CIV. P. 292(b); TEX. CIV. PRAC. & REM. CODE ANN. § 41.003(d) (West 2015).

## Preservation of Error

An appellant must preserve error on a no evidence or a matter of law issue. *See Deatley*, 246 S.W.3d at 850; *United Parcel Serv., Inc. v. Tasdemiroglu*, 25 S.W.3d 914, 916 (Tex. App.–Houston [14th Dist.] 2000, pet. denied); *see also* TEX. R. APP. P. 33.1(a)(2). Error preservation can occur in several different ways. *See* TEX. R. APP. P. 33.1(a)(1) (preservation can be accomplished by "request, objection, or motion"); *T.O. Stanley Boot Co., Inc. v. Bank of El Paso*, 847 S.W.2d 218, 220 (Tex. 1992); *C.M. Asfahl Agency v. Tensor, Inc.*, 135 S.W.3d 768, 786 (Tex. App.–Houston [1st Dist.] 2004, no pet.) (legal sufficiency challenge preserved by

motion for directed verdict, motion for judgment notwithstanding the verdict, objection to submitting issue to jury, motion to disregard jury finding on issue, or motion for new trial); *see also **TXU Portfolio Mgmt. Co., L.P. v. FPL Energy, LLC***, No. 05-08-01584-CV, 2016 WL 4410252, at *5 (Tex. App.–Dallas Aug. 18, 2016, no pet.). The common characteristic, however, is that the party seeking to preserve a legal argument for our review usually must invoke a procedure that apprises the trial court of the argument in a way that calls for the trial court to decide that issue. *See* TEX. R. APP. P. 33.1(a) (preservation requires either a ruling or a refusal to rule); ***Burbage v. Burbage***, 447 S.W.3d 249, 257 (Tex. 2014) ("[T]he objection must apprise the trial court of the error alleged such that the court has the opportunity to correct the problem."); ***In re S.H.V.***, 434 S.W.3d 792, 801 (Tex. App.–Dallas 2014, no pet.) (party must "take proper action to make the trial judge aware of the complaint and obtain a ruling, either express or implied").

In the instant case, Redwine filed a pro se written objection to Peckinpaugh's proposed judgment. In it, she argued, among other things, that the award of exemplary damages is not proper or sustainable because the jury was not unanimous. Below her objection, Redwine set forth verbatim the pertinent language from Texas Civil Practice and Remedies Code, Section 41.003(d). Redwine's written objection, in substance, amounted to a motion to disregard the jury's nonunanimous finding on exemplary damages. Thus, we conclude that Redwine's timely[3] written objection properly apprised the trial court of the issue now before us. *See* TEX. R. APP. P. 33.1; ***Deatley***, 246 S.W.3d at 850.

**Lack of Unanimity**

The record in this case reflects that the jury verdict was not unanimous. Despite its having answered the exemplary damages question, which was predicated on its unanimously having found that Redwine made multiple defamatory statements, the jury stated in the charge that its verdict was not unanimous. Specifically, the jury set forth as follows: "Our verdict is not unanimous. 11 of us have agreed to each and every answer, and signed the certificate below." As a result, the trial court polled the jury and stated that the result was that only eleven jurors indicated, by a show of hands, their respective agreement with the verdict.

---

[3] Redwine filed her written objection on April 21, 2016 at 11:56 a.m. The trial court signed its judgment that same day. The judgment is file marked April 21, 2016 at 2:00 p.m.

Peckinpaugh first argues that Redwine bore the burden to object to this conflict in the verdict since a juror's failure to sign the verdict is a clerical error, which can be corrected. *See Andres v. Koch*, 702 S.W.2d 584, 586 (Tex. 1986). First, the record does not support that a juror simply forgot to sign the verdict. Rather, the jury expressly sets forth in the charge that the verdict "is not unanimous" and only was agreed upon by eleven jurors. The trial court confirmed this fact by polling the jury, and neither party objected to the method by which the jury was polled. *See J.D. Abrams, Inc. v. McIver*, 966 S.W.2d 87, 95–96 (Tex. App.–Houston [1st Dist.] 1998, pet denied) (contention that jury was improperly polled can be waived by failure to object). Moreover, this situation does not amount to a conflicting jury finding, where a party must object before the jury is discharged to preserve error. *See, e.g.*, *Columbia Med. Ctr. of Las Colinas v. Bush*, 122 S.W.3d 835, 861 (Tex. App.–Fort Worth 2003, pet. denied). This is not a situation in which further jury deliberation was required to resolve the matter. Instead, the issue of whether an award of exemplary damages is supported by a unanimous verdict is reviewed as a no evidence issue and can be preserved by a post judgment motion. *See Deatley*, 246 S.W.3d at 850.

Lastly, Peckinpaugh argues that the verdict was, in fact, unanimous. In support of this contention, he directs us to the affidavit of Jennifer Nicole Autery, which was filed in the trial court one day before the trial court signed the judgment. In her affidavit, Autery states, in pertinent part, as follows:

> I was one of the jurors selected for Cause No. 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; Brian Peckinpaugh d/b/a/ National Born Guardians vs. Brinda Redwine d/b/a/ Texas Working Dogs and Ricky Thomas; 369th Judicial District Court in Anderson County, Texas. I was in agreement with the other jurors in the findings of exemplary damages but I failed to sign the verdict.

Even assuming arguendo that we may consider Autery's affidavit,[4] the outcome would not change. As set forth above, a verdict may be rendered awarding exemplary damages only if the jury was unanimous in finding liability *and* the amount of exemplary damages. *See* TEX. R. CIV. P. 292(b); TEX. CIV. PRAC. & REM. CODE ANN. § 41.003(d). Autery's affidavit only sets forth that she was in agreement with the other jurors in finding exemplary damages. She makes no mention whether she agreed with the other jurors regarding Redwine's liability for defamation.

---

[4] *See, e.g.*, TEX. R. CIV. P. 327(b).

Because Rule 292(b) and Section 41.003(d) require a unanimous jury finding as to both liability and the amount of exemplary damages, the nonunanimous verdict in this case as to liability is insufficient as a matter of law to support an award of exemplary damages. *See* TEX. R. CIV. P. 292(b); TEX. CIV. PRAC. & REM CODE ANN. § 41.003(d). Accordingly, we hold that the trial court erred in entering judgment awarding exemplary damages to Peckinpaugh. Redwine's second issue is sustained in part.[5]

## EVIDENTIARY SUFFICIENCY - DAMAGES

In her third issue, Redwine argues that the evidence is insufficient to support the award of past and future reputation damages to Peckinpaugh. In her fourth issue, she contends that the evidence is insufficient to support the award of damages to Peckinpaugh for past and future lost income.

As set forth above, an appellant must preserve error before raising an issue of legal or factual sufficiency on appeal. *See **Tensor, Inc.***, 135 S.W.3d at 786 (legal sufficiency challenge preserved by motion for directed verdict, motion for judgment notwithstanding the verdict, objection to submitting issue to jury, motion to disregard jury finding on issue, or motion for new trial); ***In re C.E.M.***, 64 S.W.3d 425, 428 (Tex. App.–Houston [1st Dist.] 2000, no pet.) (including complaint in motion for new trial is only way to preserve factual sufficiency challenge); *see also **Burbage***, 447 S.W.3d at 257 (objection must apprise trial court of error alleged such that court has opportunity to correct problem); ***In re S.H.V.***, 434 S.W.3d at 801 (party must take proper action to make trial judge aware of complaint and obtain a ruling).

In the instant case, Redwine made no objections to the court's charge concerning a lack of evidence supporting the award of past or future reputation damages or damages for past or future lost income. Furthermore, Redwine filed no post judgment motions, in which she made any argument pertaining to such damages. Therefore, since Redwine failed to raise this issue to the trial court, we hold she has failed to preserve such error, if any, for appeal. *See **Tensor, Inc.***, 135 S.W.3d at 786; ***In re C.E.M.***, 64 S.W.3d at 428. Redwine's third and fourth issues are overruled.

---

[5] As a result of our holding, we do not consider the remainder of Redwine's second issue, in which she argues that the award of exemplary damages is improper because the jury failed to make a finding on the issue of whether Redwine acted with malice. *See* TEX. R. APP. P. 47.1

In her fifth issue, Redwine argues that the trial court's award of prejudgment interest on exemplary damages and future damages was erroneous as a matter of law and its award of prejudgment interest on actual damages was erroneously calculated. Peckinpaugh consents to the recalculation of prejudgment interest.

## Governing Law

Prejudgment interest may not be assessed or recovered on an award of exemplary damages or an award of future damages. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 41.007 (West 2015); TEX. FIN. CODE ANN. § 304.1045 (West 2016). Moreover, prejudgment interest is computed as simple interest and does not compound. *See* TEX. FIN. CODE ANN. § 304.104 (West 2016). Lastly, prejudgment interest accrues at the earlier of the 180th day after the date the defendant receives written notice of a claim or the date suit is filed. *See id.*

## Prejudgment Interest Calculation

In its judgment, the trial court set forth that "Plaintiff, BRIAN PECKINPAUGH, is entitled to prejudgment interest on the damages awarded herein, measured from September 1, 2012, at the rate of 5% per annum, in the sum of $81,750.00 (Eighty One Thousand Seven Hundred Fifty and No/100 Dollars)." Excluding its award of $250,000.00 in exemplary damages and $50,002.00 in future damages, the amount of damages upon which prejudgment interest can be awarded is $245,000.00. Since the record does not contain a written notice of claim, prejudgment interest is calculated from the date on which suit was filed (November 21, 2012) until the date of judgment (April 21, 2016). Thus, the amount of time upon which interest is calculated is 1,247 days or 3.416 years. Therefore, the amount of prejudgment interest that should have been awarded at 5% per annum is $41,846.00.[6]

When the trial court errs in calculating the amount of prejudgment interest, the court of appeals has the authority to reform the judgment. *See CDS Enters., Inc. v. Myrad Real Estate, Inc.*, No. 14-97-00197-CV, 1999 WL 548226, at *16 (Tex. App.–Houston [14th Dist.] July 29, 1999, no pet.) (op., not designated for publication) (citing *GXG, Inc. v. Texacal Oil & Gas*, 977 S.W.2d 403, 423 (Tex. App.–Corpus Christi 1998, pet. denied) and *H.J. Thywissen Corp. v. Cron*, 781 S.W.2d 682, 687 (Tex. App.–Houston [1st Dist.] 1989, writ denied)). Accordingly,

---

[6] To calculate the amount of prejudgment interest, we multiplied the principal ($245,000) by the interest rate (0.05) by the amount of time in years (3.416).

we will modify the judgment to reflect an award of $41,846.00 in prejudgment interest. Redwine's fifth issue is sustained.

## CONCLUSION

We have sustained Redwine's second issue in part. Having done so, we *reverse* the trial court's judgment insofar as it awards exemplary damages to Peckinpaugh and *render* a judgment that Peckinpaugh takes nothing in exemplary damages. We also have sustained Redwine's fifth issue. Having done so, we *modify* Paragraph 3 of the trial court's judgment by *deleting* the award of prejudgment interest "in the sum of $81,750.00 (Eighty One Thousand Seven Hundred Fifty and No/100 Dollars)" and *replacing* it with an award of prejudgment interest "in the amount of $41,846.00 (FORTY-ONE THOUSAND EIGHT HUNDRED FORTY-SIX AND NO/100 DOLLARS)." Having overruled Redwine's first, third, and fourth issues, and without the necessity of considering the remainder of her second issue, we *affirm* the remainder of the trial court's judgment *as modified*.

GREG NEELEY
Justice

Opinion delivered September 20, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

11



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 20, 2017**

**NO. 12-16-00123-CV**

**BRINDA REDWINE D/B/A TEXAS WORKING DOGS,**
Appellant
V.
**BRIAN PECKINPAUGH D/B/A**
**MONSTER MALAKS/NATURAL BORN GUARDIANS,**
Appellee

Appeal from the 369th District Court

of Anderson County, Texas (Tr.Ct.No. 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)

THIS CAUSE came on to be heard on the oral arguments, appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that there was error in the judgment regarding exemplary damages awarded to Brian Peckinpaugh d/b/a Monster Malaks/Natural Born Guardians as entered by the trial court below and that the same should be **reversed** and judgment **rendered** that Brian Peckingpaugh d/b/a Monster Malaks/Natural Born Guardians takes nothing in exemplary damages, and that a portion of the trial court's judgment should be **modified and, as modified,** is **affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment below be **reversed** insofar as it awards exemplary damages to Brian Peckinpaugh d/b/a Monster Malaks/Natural Born Guardians and judgment **rendered** that Brian

Peckinpaugh d/b/a Monster Malaks/Natural Born Guardians takes nothing in exemplary damages; that Paragraph 3 of the trial court's judgment be **modified** by **deleting** the award of prejudgment interest "in the sum of $81,750.00 (Eighty One Thousand Seven Hundred Fifty and No/100 Dollars)" and **replacing** it with an award of prejudgment interest "in the amount of $41,846.00 (FORTY-ONE THOUSAND EIGHT HUNDRED FORTY-SIX AND NO/100 DOLLARS);" the remainder of the trial court's judgment **is affirmed as modified**; and that this decision be certified to the trial court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*