**Dismissed; Opinion Filed December 18, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-01228-CV

**JERROLD JORDAN, TRUSTEE OF THE YOURS AND MINES LAND TRUST,
Appellant
V.
TIMOTHY DREW KLINGBEIL, Appellee**

**On Appeal from the 191st Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-17-02629**

## MEMORANDUM OPINION

Before Justices Evans, Boatright, and O'Neill[1]
Opinion by Justice Evans

In this appeal, appellant Jerrold Jordan, trustee of the Yours and Mines Land Trust

("Jordan"), challenges the trial court's granting of the motion for summary judgment filed by

appellee Timothy Drew Klingbeil. Without a final judgment that disposes of all parties and claims,

we have no jurisdiction to consider the merits of this appeal. Accordingly, we dismiss the appeal

for want of jurisdiction.

## BACKGROUND

In September 2007, Klingbeil purchased a house from Jordan and signed a promissory note

and a deed of trust granting Jordan a lien on the property. In December 2017, Jordan sent Klingbeil

---

[1] The Hon. Michael J. O'Neill, Justice, Assigned

a notice of default under the note. Klingbeil contends the notice was not sent to the address he provided Jordan and he never received any the notice of default. A foreclosure sale of the property took place and the property was sold to Jordan. Jordan then filed a forcible detainer action against Klingbeil and Jordan was awarded possession of the property.

In March 2017, Klingbeil filed a petition against Jordan alleging claims for wrongful foreclosure, breach of contract for failure to provide proper notice of foreclosure, suit to quiet title, declaratory judgment, and fraud. In a second amended petition, Klingbeil (1) added claims for violation of the Texas Debt Collection Act, trespass to try title and equitable relief, (2) removed the fraud claim, and (3) retained all other claims from the original petition. Klingbeil and Jordan both filed motions for summary judgment on the validity of the foreclosure sale. In Klingbeil's motion for summary judgment, he argued the foreclosure sale should be declared void and set aside due to the lack of proper notice.[2] In Jordan's summary judgment motion, he moved for summary judgment on each of Klingbeil's claims including wrongful foreclosure, breach of contract, trespass to try title, suit to quiet title, declaratory judgment, and equitable relief.

By order dated September 20, 2017, the trial court granted Klingbeil's motion for summary judgment. The operative language of the September 20 Order is:

IT IS THEREFORE, ORDERED that the Plaintiff's Traditional Motion for Summary Judgment be, and is hereby granted, and

IT IS FURTHER, ORDERED that the Foreclosure Sale of February 7, 2017, of the subject property at 4613 Ashbrook Rd., Dallas, TX 75227 ("the Property"), is null and void and is set aside;

IT IS FURTHER ORDERED that the Foreclosure Sale Deed dated February 7, 2017 and recorded as Instrument No. 201700039792 in the Deed Records of Dallas County, Texas is null and void and is set aside and has no force and effect to convey the Property to Defendant;

---

[2] Klingbeils' motion for summary judgment addressed his claim for wrongful foreclosure but did not specifically address his claims for breach of contract, trespass to try title, suit to quiet title, declaratory judgment, and equitable relief.

> IT IS FURTHER ORDERED that Plaintiff have fee simple title to and possession of the Property based on the superior title conveyed in the Warranty Deed with Vendor's Lien dated September 20, 2007 and recorded in the Deed Records of Dallas County on October 1, 2007, as instrument number 20070352323; and
>
> IT IS FURTHER ORDERED that Plaintiff recover from Defendant his court costs.

On September 22, 2018, the trial court signed an amended order to include a denial of Jordan's summary judgment motion ("September 22 Order"). In the September 22 Order, after repeating the provisions quoted above from the September 20 Order, the trial court also ordered as follows:

> IT IS FURTHER ORDERED that the Court has considered the Defendant's First Amended Motion for Summary Judgment and arguments and finds that it should be DENIED.
>
> IT IS THEREFORE, ORDERED that the Defendant's First Amended Motion for Summary Judgment be, and hereby is, DENIED.

On October 11, 2017, Klingbeil filed a third amended petition which included the claims in the second amended petition and added additional claims for breach of contract for withholding excess escrow funds, conversion, violation of the Texas Theft Liability Act, breach of fiduciary duty and constructive trust, and money had and received. On the same day, Klingbeil also filed a motion to sever the following claims: (1) wrongful foreclosure; (2) breach of contract for failure to provide proper notice of foreclosure, (3) trespass to try title; (4) suit to quiet title, (5) declaratory judgment, and (6) request for equitable relief. Jordan opposed the motion for severance and argued that "the summary judgment appears to be a final judgment leaving no claims remaining in the suit to be severed." Jordan specifically argued that his summary judgment motion addressed each of the claims raised in the second amended petition. He further argued that Klingbeil's claims for breach of contract and violation of the Texas Debt Collections Act should be disposed of because Jordan's motion challenged those claims and Klingbeil failed to respond. Jordan also argued that Klingbeil's third amended petition should be stricken because it was untimely filed.

The trial court then entered an order dated October 23, 2017 on the motion for severance. The October 23 Order provided as follows:

On the 18th day of October 2017, came on for hearing the Plaintiff's Motion for Severance. The parties appeared through their attorneys of record. The Court having considered the motion and response and the arguments of counsel finds that the Plaintiff's motion should be denied.

The Court finds that it granted the Plaintiff's motion for summary judgment based on its wrongful foreclosure claim in its amended order dated September 22, 2017.

The Court finds that it overruled the Defendant's cross motion for summary judgment that challenged all of the Plaintiff's claims in this case being the Breach of Contract, Texas Debt Collections Act, Trespass to Try Title, Suit to Quiet Title, Declaratory Judgment and Equitable Relief claims.

The Court finds that the Plaintiff did not respond to the Defendant's cross motion for summary judgment and that the Plaintiff has filed after the summary judgment motion an amended pleading raising additional claims.

The Court finds that any new claims had to be filed seven days prior to the hearing on the cross motions for summary judgment and therefore they are not before the Court.

The Court finds that the claims of Breach of Contract, Texas Debt Collections Act and Equitable Relief claims were not responded to by the Plaintiff in response to the Defendant's cross motion for summary judgment and that Defendant was entitled to summary judgment as to those claims.

The Court finds that the Trespass to Try Title and Suit to Quiet Title claims were adjudicated in the cross motions summary judgment motions as part of the Court's decision on the Plaintiffs wrongful foreclosure claim and that there is no basis to sever those claims into a new suit as the Court has adjudicated the title to the property.

The Court finds no basis for the Declaratory Judgment claim as a Declaratory Judgment claim and Trespass to Try Title claims cannot be based on the same cause of action and that the Court has adjudicated the title to the property.

The Court finds that there are no remaining claims to sever into a new proceeding.

The Court clarifies that its Amended Order on Plaintiff and Defendant's Summary Judgment Motions dated September 22, 2017, is a final and appealable judgment that disposes of all claims and assess court costs against the Defendant.

The Plaintiffs motion for severance is DENIED.

Following entry of this order, Jordan filed a notice of appeal.

## ANALYSIS

"'Subject matter jurisdiction is an issue that may be raised for the first time on appeal[,] it may not be waived by the parties', and it may—indeed, *must*—be raised by an appellate court on its own." *Am. K-9 Detection Servs. LLC v. Freeman*, 556 S.W.3d 246, 260 (Tex. 2018) (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445–46 (Tex. 1993)). Because the finality of a judgment raises the issue of jurisdiction, it is a legal question that we review de novo. *Redwine v. Peckinpaugh*, 535 S.W.3d 44, 48 (Tex. App.—Tyler 2017, no pet.).

In this instance, the trial court's October 23 Order indicates the trial intended for its September 22 Order to constitute a final and appealable judgment that disposed of all claims. In its October 23 Order, the trial court attempted to clarify how the cross motions for summary judgment disposed of all claims. But factual recitations or reasons preceding the decretal portion of a judgment form no part of the judgment itself. *Redwine*, 535 S.W.3d at 49; *Nelson v. Britt*, 241 S.W.3d 672, 676 (Tex. App.—Dallas 2007, no pet.). Accordingly, the factual recitations listed by the trial court do not constitute any part of a judgment. Further, the October 23 Order cannot constitute a final judgment because it lacks the decretal language typically seen in a judgment. Decretal language means the granting or denying of the remedy sought (i.e., specific disposition of identified causes of action are "ordered, adjudged, and decreed"). *See In re Wilmington Tr., Nat'l Org.*, 524 S.W.3d 790, 792 (Tex. App.—Houston [14th Dist.] 2017, no pet.). An order that fails to include any decretal language will not result in a final judgment since it adjudicates nothing. *Redwine*, 535 S.W.3d at 48. In the October 23 Order, the trial court made "findings" and "clarified" its prior order but it did not contain any decree which fully disposed of all the causes of action pleaded in the case. Accordingly, the October 23 Order was not a final judgment.

In regard to the September 22 Order, the Supreme Court decided "[a] judgment must be sufficiently definite and certain to define and protect the rights of all litigants, or it should provide

a definite means of ascertaining such rights, to the end that ministerial officers can carry the judgment into execution without ascertainment of facts not therein stated." *Stewart v. USA Custom Paint & Body Shop, Inc.*, 870 S.W.2d 18, 20 (Tex. 1994). Because a judgment serves to end the controversy with the "highest degree of exact justice humanly possible," its terms must be certain and definite. *See Disco Mach. of Liberal Co. v. Payton*, 900 S.W.2d 71, 73 (Tex. App.—Amarillo 1995, writ denied). Thus, a decree from which the particular recovery cannot be ascertained is too vague to constitute a final judgment. *Id.* The September 22 Order lacked such certainty because the trial court did not specifically address any of the following pleaded claims or causes of action: breach of contract, the Texas Debt Collections Act, equitable relief, trespass to try title, suit to quiet title, and declaratory judgment. As the September 22 Order failed to unequivocally state that it finally disposed of all claims and all parties and is appealable, it cannot be considered a final judgment. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001) ("[W]e conclude that when there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties.").

## CONCLUSION

Without a final, appealable judgment that disposes of all claims and parties, we have no jurisdiction to consider the merits of this appeal. Accordingly, we dismiss the appeal for want of jurisdiction.

/David Evans/
DAVID EVANS
JUSTICE

171228F.P05

–6–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JERROLD JORDAN, TRUSTEE OF THE
YOURS AND MINES LAND TRUST,
Appellant

No. 05-17-01228-CV     V.

TIMOTHY DREW KLINGBEIL, Appellee

On Appeal from the 191st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-17-02629.
Opinion delivered by Justice Evans.
Justices Boatright and O'Neill participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED** for want of jurisdiction.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 18th day of December, 2018.