

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-19-00166-CV

Bernardino **FRAUSTO**,
Appellant

v.

**RC INDUSTRIES LLC**,
Appellee

From the 81st Judicial District Court, Frio County, Texas
Trial Court No. 17-09-00301CVF
Honorable Donna S. Rayes, Judge Presiding

Opinion by:   Luz Elena D. Chapa, Justice

Sitting:      Sandee Bryan Marion, Chief Justice
              Rebeca C. Martinez, Justice
              Luz Elena D. Chapa, Justice

Delivered and Filed: April 22, 2020

DISMISSED FOR WANT OF JURISDICTION

Bernardino Frausto appeals an order granting a motion for summary judgment filed by RC Industries LLC (RCI). The record shows a claim remains pending in the trial court. Because the trial court did not render a final judgment, and the interlocutory order granting a motion for summary judgment is not otherwise appealable, we dismiss this appeal for want of jurisdiction.

## BACKGROUND

This appeal arises from an employment dispute. Frausto sued his former employer, RCI, alleging RCI took an adverse employment action against him because he sought worker's

compensation benefits. In his original petition, Frausto alleged the adverse employment action was that RCI terminated his employment.

RCI filed a traditional motion for summary judgment, which RCI amended. Frausto filed a response. The amended motion and response were heard by the trial court on October 4, 2018. The trial court took the amended motion and response under advisement at the end of the hearing.

The following day, on October 5, 2018, Frausto filed a first amended petition. His first amended petition alleged RCI's adverse employment action included not only terminating his employment, but also "refusing to provide him a ride to work after it promised [to give] him a ride every day before he was injured." The first amended petition alleged Frausto was unable to go to work as a result of RCI's refusal to provide him with transportation to work as promised, and he therefore sought lost wages as damages.

The trial court signed an "order granting amended motion for summary judgment." The order reads as follows:

> On the 4th day of October, 2018 came on to be heard Defendant's Amended Traditional Motion for Summary Judgment as to all of the Plaintiff's claims and causes of action. After considering the Amended Motion for Summary Judgment, the response thereto, the summary judgment evidence on file, the objections to same, and after hearing the arguments of counsel, the Court finds that Plaintiff was terminated and did not voluntarily quit his employment with Defendant, that Plaintiff's termination was legal and non-actionable because Defendant had legitimate, non-discriminatory grounds for terminating Plaintiff, and the Defendant's Amended Motion for Summary Judgment is well taken and should be in all things GRANTED.
> THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that Defendant's Amended Motion for Summary Judgment is hereby GRANTED.
>
> SIGNED THIS 28 DAY OF NOVEMBER, 2018

The order was signed by the trial court. Frausto filed a notice of appeal, characterizing the order as a final summary judgment.

**APPELLATE JURISDICTION**

In his appellant's brief, Frausto's first issue is, "Did the order granting RCI's Motion for Summary Judgment dispose of all pending claims?" Frausto argues the order fails to address his claims that "occurred **before** he was terminated." He contends:

> RCI discriminated against him by refusing to provide transportation to work. From the day he was injured, March 23, 2017, until the day he was fired, May 2, 2017, Frausto could not get to work due to the discriminatory actions of RCI. Therefore, Frausto should be entitled to recover his damages for that period of discrimination.

He further contends the order addresses only termination, and "[s]ince the trial court's order does not address, or dispose of, Frausto's claim or cause of action regarding the adverse employment action before RCI terminated his employment, the order is not final or appealable. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001)."

In its appellee's brief, RCI argues the first amended petition did not add any new claims for the trial court's consideration because the pleading was not on file at the time of the summary judgment hearing. RCI alternatively argues the summary judgment motion and order addressed both claims, and the summary judgment order granted summary judgment on all grounds contained in RCI's motion. RCI also notes the inconsistency between Frausto's issue on appeal and his notice of appeal, which describes the order granting his motion as a final summary judgment.

If an order on a motion for summary judgment is not final, and the order is not an appealable interlocutory order, we must dismiss the appeal for lack of jurisdiction. *Estate of Aguilar*, 521 S.W.3d 389, 390 (Tex. App.—San Antonio 2017, no pet.). Generally, a judgment is final and appealable if it actually disposes of "all pending parties and claims in the record" or if the order states with unmistakable clarity that it is a final judgment as to all claims and all parties. *Lehmann*, 39 S.W.3d at 195. The appealed order granting RCI's summary judgment motion does not state with unmistakable clarity that it is a final judgment as to all claims and all parties. And

the order is not otherwise an appealable interlocutory order. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a). Thus, the order granting RCI's motion is a final judgment only if it actually disposed of all pending parties and claims before the court. *See id.*

An order that merely grants a motion for summary judgment without any decretal language actually disposing of a claim is not a judgment on any claim. *See Redwine v. Peckinpaugh*, 535 S.W.3d 44, 48 (Tex. App.—Tyler 2017, no pet.).[1] The appealed order merely grants RCI's motion for summary judgment, as amended, and specifies the ground. The order granting summary judgment contains no decretal language actually disposing of any claims. *See id.* The order granting RCI's motion for summary judgment is therefore not a final judgment.

Because we conclude the order granting the summary judgment motion is not a final judgment, we need not address whether Frausto's amended pleading presented a separate cause of action for the trial court's consideration, and whether the order granting RCI's motion actually disposed of that other cause of action. *See* TEX. R. APP. P. 47.1. Also, Frausto's characterization of the order granting RCI's motion as a final summary judgment in his notice of appeal is immaterial because defects in our appellate jurisdiction cannot be waived, and our appellate jurisdiction cannot be conferred by estoppel. *See Jack M. Sanders Family Ltd. P'ship v. Roger T. Fridholm Revocable, Living Tr.*, 434 S.W.3d 236, 240 (Tex. App.—Houston [1st Dist.] 2014, no pet.).

---

[1] *See In re Wilmington Tr., Nat'l Ass'n*, 524 S.W.3d 790, 791 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding) ("The March 14 Order is not a final judgment because it does not contain any decretal language disposing of the action."); *Trebesch v. Morris*, 118 S.W.3d 822, 826 (Tex. App.—Fort Worth 2003, pet. denied); *see, e.g.*, *Mueller v. Banks*, 317 S.W.2d 256, 256–57 (Tex. 1958) (stating a final judgment requires "award[ing] the judicial consequences which the law attaches to the facts, and leads to a final disposition of a cause, so that its ministerial officers can, with certainty, carry the judgment into execution without ascertainment of additional facts," holding an order "sustaining" a motion to dismiss the entire cause "was not an appealable final judgment," and stating "we have no jurisdiction other than to dismiss this appeal").

**CONCLUSION**

Because the record shows there is no final judgment in this case and Frausto is seeking to appeal a non-appealable interlocutory order, we lack jurisdiction over this appeal. We therefore dismiss this appeal for want of jurisdiction.

Luz Elena D. Chapa, Justice