

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-20-00232-CV

———————————————

ELWALID SHETEWY, Appellant

V.

MEDIATION INSTITUTE OF NORTH TEXAS, LLC (MINT), ISLAMIC TRIBUNAL (IT), MOUJAHED BAKHACH, AHMED ABOUSEIF, IMAN BAKHACH, AND TAHER ELBADAWI, Appellees

On Appeal from the 17th District Court
Tarrant County, Texas
Trial Court No. 017-314208-20

Before Kerr, Bassel, and Wallach, JJ.
Opinion by Justice Wallach

## OPINION

Appellant Elwalid Shetewy attempts to appeal from an order that does not order, adjudge, or decree anything. Because the order lacks finality, we dismiss this appeal for want of jurisdiction.

### I. Factual Background

Shetewy and Dima Shabaneh[1] were both Muslims. When they married, Shetewy allegedly paid Shabaneh $10,000 that he claims was to be returned to him if the marriage was dissolved. In 2017, Shabaneh filed for a civil divorce in Missouri. She and Shetewy entered into a settlement agreement, and the Missouri court dissolved their marriage on January 23, 2018. The $10,000 dowry was not specifically addressed in the settlement agreement or the Missouri divorce.

While the Missouri divorce was pending, Shabaneh applied to Appellee MINT, located in Fort Worth, Texas, for a religious divorce. Appellee Moujahed Bakhach was MINT's director. MINT issued a religious divorce certificate on January 15, 2018 without Shetewy's consent. Shetewy claims the religious divorce wrongfully released Shabaneh from the obligation to repay him the $10,000 dowry.

### II. Procedural Background

Shetewy sued MINT, Bakhach, and other related defendants for Texas Deceptive Trade Practices-Consumer Protection Act violations and negligence per se

---

[1] Shabaneh is not a party to this case.

based on the unauthorized practice of law, seeking ordinary and exemplary damages. All the defendants moved for dismissal under Rule 91a of the Texas Rules of Civil Procedure, contending that there was no basis for maintaining the suit. *See* Tex. R. Civ. P. 91a. After a Zoom hearing on June 22, 2020, the trial court took the case under advisement, and the court signed an order the next day. The signed order provides,

> ORDER GRANTING DEFENDANTS' MEDIATION INSTITUTION OF NORTH TEXAS, ISLAMIC TRIBUNAL, MOUJAHED BAKHACH, AHMED ABOU[]SEIF, IMAN BAKHACH, AND TAHER ELBADAWI MOTION TO DISMISS WITH PREJUDICE
>
> On this 22nd day of June 2020, the Court considered Defendants Mediation Institute of North Texas, Islamic Tribunal, Moujahed Bakhach, Ahmed Abou[s]eif, Iman Bakhach, and Taher Elbadawi's Motion to Dismiss with Prejudice and, after reviewing the documents on file and the motions, the Court finds that the Defendants' motion to dismiss with prejudice has merit and should be GRANTED.
> Signed on this 23rd day of June, 2020.

Shetewy attempts to appeal that order.

### III. Jurisdictional Inquiry

Upon our review of the record, we became concerned that we might lack jurisdiction over this appeal. Specifically, we noticed that the challenged order lacks decretal language disposing of Appellees' motion and the case and thus does not appear to be a final judgment for purposes of appeal. *See Matter of Guardianship of Jones*, No. 02-19-00187-CV, 2020 WL 1887845, at *1 (Tex. App.—Fort Worth Apr. 16, 2020, pet. filed) (mem. op.) (holding order disposing of motions to dismiss but lacking

decretal language disposing of petition for bill of review was not final); *In re Wilmington Tr., Nat'l Ass'n*, 524 S.W.3d 790, 792 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding) ("An order that merely grants a motion for judgment is in no sense a judgment itself. It adjudicates nothing." (quoting *Naaman v. Grider*, 126 S.W.3d 73, 74 (Tex. 2003) (per curiam))). We therefore asked the parties to file supplemental briefs addressing this jurisdictional issue. *See* Tex. R. App. P. 42.3(a), 44.3. Having reviewed those supplemental briefs, we conclude that the trial court's order is not final for purposes of appeal and that we therefore lack jurisdiction over this appeal.

## IV. Discussion

In their supplemental brief, Appellees summarily state that "[a]fter reviewing the order and the relevant case law, [they] have determined that the Court's concerns are justified." In his supplemental brief, however, Shetewy contends that the order is "final" and that we have jurisdiction because the order "clearly indicates that the trial court disposed of, and intended to dispose of, the entire case." He also contends that the "order dismisses all claims filed by the respective parties 'with prejudice.'" Shetewy is incorrect. The order lacks decretal language and takes no judicial action.

### A. Standard of Review

Whether a judgment is final impacts jurisdiction; finality is therefore a legal question that we review de novo. *Jordan v. Klingbeil*, No. 05-17-01228-CV, 2018 WL 6616971, at *3 (Tex. App.—Dallas Dec. 18, 2018, no pet.) (mem. op.); *Redwine v. Peckinpaugh*, 535 S.W.3d 44, 48 (Tex. App.—Tyler 2017, no pet.).

4

## B. No Decretal Language

A judgment is the court's consideration and determination of the case. *Redwine*, 535 S.W.3d at 48; *see* Tex. R. Civ. P. 301. A court's main goal in rendering a judgment is to resolve a dispute "with as high of a degree of exact justice as possible." *Redwine*, 535 S.W.3d at 48; *see In re Marriage of Grossnickle*, 115 S.W.3d 238, 248 (Tex. App.—Texarkana 2003, no pet.). The judgment's wording must therefore be "certain and definite." *Redwine*, 535 S.W.3d at 48; *Grossnickle*, 115 S.W.3d at 248. In construing a judgment, we focus on its substance—not its form—and no magic language is required. *See Constance v. Constance*, 544 S.W.2d 659, 660 (Tex. 1976); *Redwine*, 535 S.W.3d at 48. However, the language chosen must clearly show a judicial action. *Redwine*, 535 S.W.3d at 48. "Thus, a judgment must show intrinsically and distinctly, rather than inferentially, that the matters in the record have been determined in favor of one of the litigants or that the rights of the parties in litigation have been adjudicated." *Id.*

At its core, a judgment grants or denies relief. *Id.* Decretal language is the language employed to grant or deny that relief. *Id.* at 49; *Envtl. Procedures, Inc. v. Guidry*, 282 S.W.3d 602, 620 n.21 (Tex. App.—Houston [14th Dist.] 2009, pet. denied). An order that fails to include any decretal language will not result in a final judgment because it adjudicates nothing. *Jones*, 2020 WL 1887845, at *1; *Redwine*, 535 S.W.3d at 48; *Wilmington Tr., Nat'l Ass'n*, 524 S.W.3d at 792. Mere recitations of fact, reasoning preceding the decretal portion of a judgment, recommendations to the parties, or

5

expressions of the judge's opinion are not the rendition and are no substitute for decretal language. *Redwine*, 535 S.W.3d at 48–49. Similarly, an order's title does not determine whether the order is a final judgment. *See Mathes v. Kelton*, 569 S.W.2d 876, 878 n.3 (Tex. 1978) (stating that the substance and not the label or form of a judgment is controlling in determining its validity); *Smith Protective Servs. v. Martin*, 711 S.W.2d 675, 682 (Tex. App.—Dallas 1986, no writ) (Howell, J. concurring) (noting that order titled "Nunc Pro Tunc Order Granting Interlocutory Default Judgment and of Severance" did "not decree a severance; it merely assume[d] a severance").

The order before us has no decretal language. It recites that the trial court has reviewed the documents on file and believes Appellees' motion has merit and should be granted, but the order accomplishes nothing. It takes no judicial action. It neither grants nor denies relief on the motion, and it does not dispose of the case. Accordingly, we hold that the order is not a final judgment. *See Jone*s, 2020 WL 1887845, at *1; *Redwine*, 535 S.W.3d at 48–50; *Wilmington Tr., Nat'l Ass'n*, 524 S.W.3d at 792.

## C. Remedy

Without citing any authority, Appellees contend that the appropriate remedy here would be for this court to "remand [the case] for entry of final judgment in conformity with the trial court's prior rulings . . . . " This we cannot do. Because the order is not final, we must dismiss this appeal for want of jurisdiction. *See Jones*,

2020 WL 1887845, at *3–4; *Evanston Ins. Co. v. D & L Masonry of Lubbock, Inc.*, No. 07-10-00253-CV, 2010 WL 3190660, at *2 & n.1 (Tex. App.—Amarillo Aug. 12, 2010, no pet.) (mem. op.). *See generally State v. Morales*, 869 S.W.2d 941, 949 (Tex. 1994) ("When a court lacks jurisdiction, its only legitimate choice is to dismiss.").

## V. Conclusion

The order Shetewy attempts to appeal has no decretal language. It is therefore not final. Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. 42.3(a), 43.2(f).

/s/ Mike Wallach
Mike Wallach
Justice

Delivered: April 29, 2021

7