

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-21-00345-CV

———————————————

JOSE ALBA, CANDELARIA ALBA, JOSE ALBA, JR., AND LIZBETH
GURRUSQUIETA, Appellants

V.

CALATLANTIC HOMES OF TEXAS, INC., LENNAR CORPORATION, AND
LENNAR PACIFIC PROPERTIES MANAGEMENT, INC. D/B/A VILLAGE
BUILDERS, Appellees

On Appeal from the 431st District Court
Denton County, Texas
Trial Court No. 19-9952-16

Concurring and Dissenting Memorandum Opinion by Justice Wallach

## CONCURRING AND DISSENTING MEMORANDUM OPINION

Assuming this court has jurisdiction of this case, I concur in the judgment and rationale of the majority opinion. However, because it is my opinion that this court does not have jurisdiction, I respectfully dissent.

The only allegedly dispositive order in this case is entitled "Order." It provides, in its entirety, as follows,

> CAME ON BEFORE this Court Defendants CalAtlantic Homes of Texas, Inc., Lennar Corporation, and Lennar Pacific Properties Management, Inc. d/b/a Village Builders' Traditional and No-Evidence Motion for Summary Judgment. The Court, having considered the motion, Plaintiffs' response thereto, any replies, and the pleadings on file, hereby orders that the motion is:
>
>    X     GRANTED
>
>         ~~DENIED~~
>
> SIGNED this 10th day of June, 2021.
>
>                              /s/
>                           JUDGE PRESIDING

The only other dispositive document was a Notice of Nonsuit Without Prejudice filed on July 14, 2021 where CalAtlantic Homes of Texas, Inc., Lennar Corporation, and Lennar Pacific Properties Management, Inc., d/b/a Village Builders nonsuited their third-party claims against Perez Masonry Construction, LLC.

Does this record present a final appealable judgment? I would hold that it does not. Appellants bring this appeal as an appeal from a final judgment.[1] If an order on a motion for summary judgment is not final, we must dismiss the appeal for lack of jurisdiction. *Frausto v. RC Indus. LLC*, 605 S.W.3d 54, 56 (Tex. App.—San Antonio 2020, no pet.).

As held by our supreme court in *Naaman v. Grider*, 126 S.W.3d 73, 74 (Tex. 2003), "[a]n order that merely grants a motion for judgment is in no sense a judgment itself. It adjudicates nothing." Likewise, an order that "merely grants a motion for summary judgment without any decretal language actually disposing of a claim is not a judgment on any claim." *Frausto*, 605 S.W.3d at 56–57; *see also Shetewy v. Mediation Inst. of N. Tex., LLC*, 624 S.W.3d 285, 288 (Tex. App.—Fort Worth 2021, no pet.); *Redwine v. Peckenpaugh*, 535 S.W.3d 44, 48 (Tex. App.—Tyler 2017, no pet.). Precisely all that is in the record in this case is an order granting a motion for summary judgment, period. While there may be other circumstances where the entire record, combined with the language used in a court order, may be construed to constitute an adjudication, such is not the case here.[2]

---

[1]Interlocutory appellate jurisdiction is not in issue.

[2]*See In re Guardianship of Jones*, 629 S.W.3d 921, 926 (Tex. 2021). In distinguishing its prior holding in *Naaman*, quoted above, the court noted that the order in question regarding dismissal of a bill of review petition was a final adjudication where, even though the order did not announce the petition's disposition with words like "ordered,

Until the supreme court overrules its holding in *Namaan*, I feel compelled to hold that this "Order" which merely "granted" the motions for summary judgment is not a final judgment. I would dismiss the appeal for want of jurisdiction.

/s/ Mike Wallach

Mike Wallach
Justice

Delivered: May 5, 2022

---

adjudicated or decreed," it not only granted the motion to dismiss it also expressly stated it was a "final order" constituting "the dismissal of the Bill of Review filed in this case."