In re **BRO BRO PROPERTIES, INC.**[1]

No. 04–00–00594–CV.

Court of Appeals of Texas,
San Antonio.

Dec. 20, 2000.

---

1. This original mandamus proceeding arises out of a default judgment (signed by David Berchelmann, Jr., presiding judge in the 37th Judicial District Court) and a turnover order (signed by John D. Gabriel, Jr., presiding judge in the 131st Judicial District Court) in Cause No.1999–CI–16137, styled *Starcrest Trust v. Lowrey*, in the 288th Judicial District Court, Bexar County, Texas.

Cecil W. Bain, Law Offices of Cecil W. Bain, P.C., Thomas H. Crofts, Jr., Crofts, Callaway & Jefferson, P.C., San Antonio, for Appellant.

R. Laurence Macon, Donna K. Schneider, Akin, Gump, Strauss, Hauer & Feld, Jeffrey L. Pfeifer, San Antonio, for Appellee.

Sitting: ALMA L. LÓPEZ, Justice, PAUL W. GREEN, Justice, SARAH B. DUNCAN, Justice.

## OPINION

DUNCAN, Justice.

Bro Bro Properties, Inc. seeks a writ of mandamus to compel the trial court to consider and rule on the merits of its motion for new trial and to vacate its turnover order. We conditionally grant the writ.

### FACTUAL AND PROCEDURAL BACKGROUND

Starcrest Trust sued Bro Bro Properties, Inc., Charles Lowrey, Deborah Lowrey, and Lowrey and Company regarding a property dispute arising out of a former partnership. On April 10, 2000, Starcrest filed notices non-suiting all of the defendants except Bro Bro Properties. However, no dismissal order was signed. That same day, Starcrest obtained a no-answer default judgment against Bro Bro Properties. This default judgment awards Starcrest damages and other relief, but it does not expressly dispose of the non-suited defendants. Nor does it contain a Mother Hubbard or similar clause.

Bro Bro Properties moved for a new trial, alleging it was not validly served and did not learn of the default judgment until July 26, 2000. In response to this motion, Starcrest argued the trial court's plenary power to grant a new trial had expired. Starcrest reasoned that the default judg-ment was a final judgment, because the non-suit notices disposed of the individual defendants and Lowrey and Company; therefore, the trial court's plenary power expired thirty days after the default judgment was signed—May 10. The trial court denied the motion for new trial. Thereafter, Starcrest obtained a turnover order requiring Bro Bro Properties to pay into the registry of the Court $419,849.65, representing the proceeds of the sale of the property in dispute. The trial court later denied Bro Bro Properties' motion to reconsider its ruling.

### STANDARD OF REVIEW

A writ of mandamus will issue only if the relator establishes it does not have an adequate remedy by appeal to redress a clear abuse of discretion by the trial court. *Walker v. Packer,* 827 S.W.2d 833, 839–42 (Tex.1992). In the context of factual matters, an abuse of discretion is shown only if, on the evidence before it, the trial court could reasonably have reached only one decision. *Walker,* 827 S.W.2d at 839–40. However, "[a] trial court has no 'discretion' in determining what the law is or applying the law to the facts." *Id.* at 840. Accordingly, "a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion, and may result in appellate reversal by extraordinary writ." *Id.*

### PLENARY POWER

Bro Bro Properties first contends the default judgment is interlocutory because it does not dismiss or otherwise dispose of the non-suited defendants; therefore, the trial court retains plenary power to consider the merits of Bro Bro's motion for new trial. We agree.

To determine whether the trial court enjoys plenary power to consider the merits of Bro Bro's motion for new trial requires that we first determine whether the default judgment is interlocutory or final. *See, e.g., Fruehauf Corp. v. Carrillo,* 848 S.W.2d 83, 84 (Tex.1993); *Orion Enters., Inc. v. Pope,* 927 S.W.2d 654, 658–59 (Tex.App.—San Antonio 1996, orig. proceeding [leave denied]). If the default judgment is interlocutory, the trial court "retains continuing control . . . and has the power to set [it] aside any time before a final judgment is entered." *Fruehauf,* 848 S.W.2d at 84; *see Orion Enters.,* 927 S.W.2d at 658. But if the default judgment is final, the trial court's jurisdiction expired thirty days after the date the judgment was signed. *Id.; see generally* TEX. R. CIV. P. 329b. "[T]o be final a judgment must dispose of all issues and parties in a case." *North East Indep. Sch. Dist. v. Aldridge,* 400 S.W.2d 893, 895 (Tex.1966). A default judgment, like a summary judgment, is not presumed to be final. *Houston Health Clubs, Inc. v. First Court of Appeals,* 722 S.W.2d 692, 693 (Tex.1986).

Because the default judgment against Bro Bro Properties does not dismiss or otherwise dispose of Starcrest's claims against the Lowreys or Lowrey and Company, it is not a final judgment. Therefore, the trial court retained jurisdiction to set it aside and grant a new trial. *Id.* at 693–94. Starcrest argues the judgment is final, however, because its nonsuit notice was effective to dismiss the nonsuited parties; a dismissal order was not required. *See Greenberg v. Brookshire,* 640 S.W.2d 870, 872 (Tex.1982). This is incorrect. As the Supreme Court of Texas has stated:

[T]he signing of an order dismissing a case, not the filing of a notice of nonsuit, is the starting point for determining when a trial court's plenary power expires. Appellate timetables do not run from the date a nonsuit is filed, but rather from the date the trial court signs an order of dismissal.

*In re Bennett,* 960 S.W.2d 35, 38 (Tex. 1997), *cert. denied,* 525 U.S. 823, 119 S.Ct. 66, 142 L.Ed.2d 52 (1998); *see also Park Place Hosp. v. Estate of Milo,* 909 S.W.2d 508, 510 (Tex.1995); *Farmer v. Ben E. Keith Co.,* 907 S.W.2d 495, 496 (Tex.1995). Starcrest distinguishes these authorities as involving situations in which a notice of nonsuit was filed after the default judgment was signed. But this is a distinction without a difference, as *Park Place* makes clear.

In *Park Place,* the plaintiff sued a hospital, a nurse, and four doctors. *Park Place,* 909 S.W.2d at 510. One of the doctors (Badlissi) was never served. *Id.* Another of the doctors (Fadhli) was dismissed by an order granting a nonsuit. *Id.* The plaintiffs also filed a notice nonsuiting Walkes, but this time a dismissal order was not signed. *Id.* Subsequently, a summary judgment was granted in favor of the remaining defendants. *Id.* Ten days later, these defendants obtained an order severing the claims against them. *Id.* Measured from the date of the severance order, the plaintiffs timely perfected an appeal. *Id.* However, the defendants argued the plaintiffs' appeal was not timely filed, because "the appellate timetable ran from the issuance of the summary judgment rather than from the signing of the severance order." *Id.* The supreme court disagreed, holding:

All parties and all issues before the trial court must be disposed of before a summary judgment becomes final and appealable. The summary judgment in this case did not dispose of the claims against Walkes and Badlissi, and it contained no "Mother Hubbard" clause. Thus it was not a final, appealable order.

Although the plaintiffs had filed notice to nonsuit Walkes, the appellate timetable could not be triggered until a signed, written order of the court dismissed him.

*Id.* at 510 (citations omitted). Thus, although the notice of nonsuit in *Park Place* preceded the summary judgment, it did not dispose of the nonsuited defendant for purposes of determining the finality of the summary judgment. So it is here.[2]

### TURNOVER ORDER

■ Bro Bro Properties next contends the trial court erred in granting Starcrest's premature application for a turnover over. We agree. *See Ex parte Johnson,* 654 S.W.2d 415, 417 (Tex.1983) (turnover order designed to secure "satisfaction of a final judgment").

### CONCLUSION

Because neither the default judgment against Bro Bro Properties nor any other order disposes of Starcrest's claims against the Lowreys and Lowrey and Company, the default judgment is interlocutory. Consequently, the trial court retains jurisdiction to consider Bro Bro Properties' motion for new trial and the court erred in granting Starcrest's application for a turnover order. We therefore conditionally grant Bro Bro Properties' petition for writs of mandamus.

---

**2.** Starcrest suggests this statement is dicta, relying upon *Atchison v. Weingarten Realty Management Co.,* 916 S.W.2d 74, 76 (Tex. App.—Houston [1st Dist.] 1996, no writ). We disagree. If the summary judgment had been a final judgment, it would have triggered the appellate timetable, and the plaintiffs' appeal would have been untimely. *See Park Place,* 909 S.W.2d at 510.