*Court Of Appeals*

*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★ ★ ★ ★ ★

## MEMORANDUM OPINION

No. 04-09-00108-CV

**IN RE** Lori **WHITE**

Original Mandamus Proceeding[1]

Opinion by:    Rebecca Simmons, Justice

Sitting:    Karen Angelini, Justice
    Rebecca Simmons, Justice
    Steven C. Hilbig, Justice

Delivered and Filed:   June 10, 2009

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

Relator Lori White ("White") filed a petition for writ of mandamus, seeking to compel the

trial court (1) to vacate its February 10, 2009 order denying relator's plea to the jurisdiction and

grant the plea to the jurisdiction, and (2) to vacate its February 10, 2009 order granting a new trial.

On May 6, 2009, this court heard oral argument. Because we conclude the trial court was without

jurisdiction to grant the motion for new trial, we conditionally grant mandamus relief.

---

[1] This proceeding arises out of Cause No. 2004-CI-03638, styled *Lori E. White v. Wells Fargo Bank, N.A. and Longhorn Asset Recovery*, pending in the 150th Judicial District Court, Bexar County, Texas, the Honorable Janet Littlejohn, presiding. However, the orders complained of were signed by the Honorable Martha Tanner, presiding judge of the 166th Judicial District Court, Bexar County, Texas, and the Honorable Solomon J. Casseb, III, presiding judge of the 288th Judicial District Court, Bexar County, Texas.

**BACKGROUND**

The underlying suit was filed by White against Longhorn Asset Recovery ("Longhorn") and Wells Fargo Bank, N.A., joint and severally, for the wrongful repossession of her vehicle. The parties do not dispute that service on Wells Fargo Bank, N.A. was defective. According to the affidavit of Shannon D. Gausman, in-house counsel for Wells Fargo Financial Company, Inc. in Iowa, she learned of the lawsuit against Wells Fargo Bank, N.A. after White's counsel faxed a copy of the petition to in-house counsel for Wells Fargo Financial Acceptance, Inc. ("Wells Fargo Financial") in Pennsylvania. On March 30, 2004, Gausman asserts she spoke with White's counsel and informed her that White had sued the incorrect Wells Fargo entity, Wells Fargo Bank, N.A. According to Gausman, White's counsel informed her that she would serve the correct entity and either dismiss or nonsuit Wells Fargo Bank, N.A. However, on April 5, 2004, the trial court granted two separate default judgments against Wells Fargo Bank, N.A. and Longhorn pursuant to White's request. White's counsel then filed a certificate of last known address with the trial court, listing the same incorrect address White's counsel had used on the original certificate of service. Gausman asserts White's counsel never informed her that a default judgment had been taken against Wells Fargo Bank, N.A., nor did White's counsel ever send a copy of the judgment to her.[2]

Wells Fargo Bank, N.A. alleges it did not discover the default judgment taken against it until June 30, 2008. On July 16, 2008, Wells Fargo Bank, N.A. filed a bill of review, seeking to set aside the default judgment and to obtain a new trial. According to the parties, the bill of review remains

---

[2] Then, on July 20, 2004, White filed a second lawsuit against both Longhorn and Wells Fargo Financial. Wells Fargo Financial was properly served and filed an answer. However, after several years the case was dismissed for want of prosecution.

pending in the trial court. Then, on October 6, 2008, Wells Fargo Bank, N.A. filed a Motion to Set Aside Default Judgment and for New Trial. On December 9, 2008, White filed a response to the motion to set aside the default judgment and filed a plea to the jurisdiction. On January 30, 2009, Judge Tanner denied White's plea to the jurisdiction. The same day, after White stipulated that service on Wells Fargo Bank, N.A. was defective, Judge Casseb, III granted Wells Fargo Bank, N.A.'s motion to set aside the default judgment against Wells Fargo Bank, N.A. and granted a new trial. This petition for writ of mandamus ensued.

## ANALYSIS

White asserts the default judgments taken against Longhorn and Wells Fargo Bank, N.A. constitute a final judgment. Therefore, White asserts the order that set aside the default judgment taken against Wells Fargo Bank, N.A. and granted a new trial is void because the trial court lacked jurisdiction. As a result, White contends the trial court erred in denying her plea to the jurisdiction and in granting a new trial.

### A.      *Availability of Mandamus Relief*

Mandamus will issue only to correct a clear abuse of discretion for which the relator has no adequate remedy at law. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). However, when an order of the trial court is void, mandamus relief is available regardless of whether there is an adequate remedy by appeal. *In re Vlasak*, 141 S.W.3d 233, 235 (Tex. App.—San Antonio 2004, orig. proceeding) (citing *Dikeman v. Snell*, 490 S.W.2d 183, 186 (Tex. 1973)). "Mandamus is appropriate to set aside an order for new trial that is granted after the court's plenary power expires

and that is, therefore, void." *In re Dickason*, 987 S.W.2d 570, 571 (Tex. 1998). Therefore, mandamus relief is available to review the order granting a new trial that White contends is void.

### B.   *Finality of the Judgments*

The validity of the trial court's order setting aside the default judgment and granting a new trial depends on whether the default judgments constitute a final judgment which triggered the deadlines for appeal. "If the default judgment is interlocutory, the trial court 'retains continuing control . . . and has the power to set [it] aside any time before a final judgment is entered.'" *In re Bro Bro Props., Inc.*, 50 S.W.3d 528, 530 (Tex. App.—San Antonio 2000, orig. proceeding [mand. denied]) (quoting *Fruehauf Corp. v. Carrillo*, 848 S.W.2d 83, 84 (Tex. 1993)). However, "if the default judgment is final, the trial court's jurisdiction expired thirty days after the date the judgment was signed." *Id.* A default judgment is not presumed final. *Houston Health Clubs, Inc. v. First Court of Appeals*, 722 S.W.2d 692, 693 (Tex. 1986). "[T]o be final a judgment must dispose of all issues and parties in a case." *Ne. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex. 1966). A final judgment may consist of several orders that cumulatively dispose of all the parties and issues. *Tex. Sting, Ltd. v. R.B. Foods, Inc.*, 82 S.W.3d 644, 648 (Tex. App.—San Antonio 2002, pet. denied).

The default judgments in this case are contained in two separate judgments. Therefore, the issue before this court is whether the two default judgments taken together constitute a final judgment that disposed of all issues and parties in the underlying suit. One default judgment holds Wells Fargo Bank, N.A. liable for $2,050,070.97, plus interest, only mentioning Longhorn in the style of the case. The other default judgment holds Longhorn liable for $2,050,070.97, plus interest,

only mentioning Wells Fargo Bank, N.A. in the style of the case. Both judgments provide "[t]his judgment is final, disposes of all claims and all parties, and is appealable."

White contends the two default judgments, when taken together, dispose of all issues and both parties, Longhorn and Wells Fargo Bank, N.A. As a result, White concludes that the two judgments taken together constitute a final and appealable judgment.

On the other hand, Wells Fargo Bank, N.A. asserts that each default judgment is individually final because one judgment disposes of all parties and claims by assessing all damages against Wells Fargo Bank, N.A. and holds Longhorn harmless, while the other judgment disposes of all parties and claims by assessing all damages against Longhorn and holds Wells Fargo Bank, N.A. harmless. Wells Fargo Bank, N.A. asserts that the inclusion of the language, "This judgment is final, disposes of all claims and all parties, and is appealable," disposes of all parties in each default judgment. Specifically, Wells Fargo Bank, N.A. relies on *Lehmann*, to the extent that it holds that "[a] statement like, 'This judgment finally disposes of all parties and all claims and is appealable', would leave no doubt about the court's intention." *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 206 (Tex. 2001). Therefore, Wells Fargo Bank, N.A. contends that the two judgments are inconsistent, and because there is nothing in the record to indicate which final judgment was signed first, the judgments are interlocutory and not final. *See Hammett v. Lee*, 730 S.W.2d 350, 351 (Tex. App.—Dallas 1987, writ dism'd w.o.j.).

We do not agree with Wells Fargo Bank, N.A. that the finality language in each judgment alone makes each judgment individually final. In *Lehmann*, the Texas Supreme Court also provided that "a judgment issued without a conventional trial is final for purposes of appeal if and only if

either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties." *Lehmann*, 39 S.W.3d at 192-93. The court in *Lehman* went on to say that "[a]n order that disposes of claims . . . against one of multiple defendants does not adjudicate claims by or against other parties." *Id.* at 205.

At least one other court has held that the language "[t]his judgment finally disposes of all claims and parties and is appealable," did not make the judgment final because the order did not address one of the party's cross claims. *See Bain v. Bain*, No. 02-06-00215-CV, 2007 WL 174463, at *1 (Tex. App.—Fort Worth 2007, no pet.) (mem. op.). Therefore, the court concluded that the judgment did not actually dispose of all claims and parties before the court, even though it contained the finality language recognized in *Lehmann*. *See id.*

If we were to accept Wells Fargo Bank, N.A.'s argument, then the inclusion of the language "This judgment is final, disposes of all claims and all parties, and is appealable" would make a judgment final without considering whether the judgment actually disposed of all claims and parties. We do not agree with Wells Fargo Bank, N.A.'s contention. Therefore, we conclude that the inclusion of "[t]his judgment is final, disposes of all claims and all parties, and is appealable" in each default judgment did not make each individual judgment final because each judgment taken alone did not adjudicate all of the claims against all of the parties.[3]

---

[3] Because we disagree with Wells Fargo Bank, N.A. that each individual default judgment is final and because we have concluded the two default judgments taken together constituted a final judgment, it is not necessary to further address Wells Fargo Bank, N.A.'s contention that the two default judgments are inconsistent. We would only need to consider whether the default judgments are inconsistent if we had agreed with Wells Fargo Bank, N.A. that there were two final judgments rendered in the underlying proceeding.

Therefore, we conclude the two default judgments taken together constituted a final and appealable judgment and the trial court lost plenary power thirty days after the date the two default judgments were signed. As a result, the trial court lacked jurisdiction to set aside the default judgment taken against Wells Fargo Bank, N.A. and to grant a new trial more than four years after the trial court lost jurisdiction. Because the trial court lacked jurisdiction to consider the Motion to Set Aside Default Judgment and for New Trial, the trial court improperly denied White's plea to the jurisdiction.

## CONCLUSION

Accordingly, we conditionally grant the writ of mandamus. The writ will issue only if the trial court fails within 10 days to (1) vacate its February 10, 2009 order denying relator's plea to the jurisdiction, (2) grant the plea to the jurisdiction, and (3) vacate its February 10, 2009 order setting aside the default judgment and granting a new trial.

Rebecca Simmons, Justice