**IN RE WILMINGTON TRUST, NATIONAL ASSOCIATION, Relator**

.NO. 14–17–00074–CV

Court of Appeals of Texas, Houston (14th Dist.).

Opinion filed March 9, 2017

Chad Flores, Alistair B. Dawson, Joshua Smith, Houston, TX, for Relator.

Deirdre Carey Brown, Edward L. Rothberg, Houston, TX, for Real Party in Interest.

Panel consists of Justices Christopher, Jamison, and Donovan.

## OPINION

Martha Hill Jamison, Justice

The relator is Wilmington Trust, National Association (Plaintiff), and the real party-in-interest is Jsin–Chi Su (Defendant).

On January 27, 2017, Plaintiff filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, Plaintiff asks this court to compel the Honorable Elaine Palmer, presiding judge of the 215th District Court of Harris County, to vacate her October 10, 2016 Order that strikes Plaintiff's Motion to Resolve the Order of March 14, 2016 and denies Plaintiff's Motion to Substitute Counsel. The trial court's March 14 Order states, "[T]his Court is of the opinion that Defendant's objections to the jurisdiction of the Court, objections to venue and motion to dismiss based on improper venue and the motion to quash service should be GRANTED." The trial court's striking of and refusal to consider the merits of Plaintiff's Motion to Resolve the Order of March 14, 2016 and its denial of the Motion to Substitute Counsel appears to be based on the trial court's determination that its March 14 Order was a final judgment and that its plenary jurisdiction to grant the requested relief had expired. The March 14 Order is not a final judgment because it does not contain any decretal language disposing of the action. The trial court therefore abused its discretion by refusing to consider the merits of Plaintiff's Motion to Resolve the March 14 Order and Plaintiff's Motion to Substitute Counsel.

We conditionally grant the petition for writ of mandamus.

## I. MANDAMUS STANDARD

To obtain mandamus relief, a relator generally must show both that the trial court clearly abused its discretion and that the relator has no adequate remedy by appeal. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re Cerberus Capital Mgmt. L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam). The appellate court reviews the trial court's application of the law de novo. *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992).

Mandamus relief is proper when a trial court erroneously holds that its plenary power has expired, particularly when the trial court fails to recognize that an order is interlocutory rather than final. *See In re Bro Props., Inc.*, 50 S.W.3d 528, 529, 531 (Tex. App.–San Antonio 2000, orig. proceeding); *In re Metcalfe*, No. 05-06-01281-CV, 2007 WL 4064, at *2 (Tex. App.–Dallas Jan. 2, 2007, orig. proceeding) (mem. op.).

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff sued Defendant for breach of a guarantee for the payment of a loan of $91.6 million dollars for the purchase of a maritime cargo vessel.

Before filing an answer, Defendant filed "Hsin Chi Su's Special Appearance and, Subject thereto, Objections to Venue and Motion to Dismiss Based on Improper Venue and Motion to Quash Service" (the motions). Plaintiff responded to the motions with a single filing that asked the

court to deny all three motions. The trial court's ruling on the motions is the March 14 Order, which states only that the motions should be granted.

Plaintiff claims that it did not receive actual notice of the March 14 Order until August 29, 2016, when it received a postcard notice from the district court clerk.

On September 27, 2016, Plaintiff filed a Motion to Substitute Counsel that requested permission for the withdrawal of Plaintiff's then lead counsel and designation of new lead counsel.

On October 3, 2017, Plaintiff filed a "Motion to Resolve the Order of March 14, 2016", arguing that the March 14 Order is not a final disposition of the case. The Motion to Resolve requested the trial court, as relevant here, to "issue an order fully and clearly disposing of" the motions.

Defendant filed oppositions to both the Motion to Substitute Counsel and the Motion to Resolve. Defendant argued that the case had been dismissed and that the trial's plenary power had expired because the March 14 Order was a final judgment that had not been timely appealed. Defendant asked the court to deny the Motion to Substitute and strike the Motion to Resolve for lack of jurisdiction.

On October 10, 2016, the trial court denied Plaintiff's Motion to Substitute Counsel and ordered that the Motion to Resolve "is hereby stricken from the record, removed from the docket and any hearings on the motion cancelled."

### III. ANALYSIS

■ Plaintiff admits that the March 14 Order indicates the trial court's intention to rule for Defendant on its three motions, but argues that the Order is not a final appealable judgment because it contains no decree disposing of the case.

■■ Ample authority supports Plaintiff's argument. "An order that merely grants a motion for judgment is in no sense a judgment itself. It adjudicates nothing." *Naaman v. Grider*, 126 S.W.3d 73, 74 (Tex. 2003) (per curiam). *See also* 5 McDonald & Carlson Tex. Civ. Prac. § 27:4 (2d. ed. West 2016) ("[A]n order that fails to include decretal language will not result in a final judgment"). In *In re Vaishangi, Inc.*, 442 S.W.3d 256 (Tex. 2014) (per curiam) (orig. proceeding), the Texas Supreme Court held that a Rule 11 agreement to dismiss all claims was not a final judgment, even though it was signed by the trial judge, because it contained "no decretal language typically seen in a judgment (i.e., 'ordered, adjudged, and decreed')." Decretal means the granting or denying of the remedy sought. *Envtl. Procedures, Inc. v. Guidry*, 282 S.W.3d 602, 620 n.21 (Tex. App.–Houston [14th Dist.] 2009, pet. denied).

Two analogous decisions have held an order granting a motion must also contain a decree fully disposing of the case to be a final judgment. In *Harper v. Welchem, Inc.*, 799 S.W.2d 492, 494–96 (Tex. App.–Houston [14th Dist.] 1990, no writ), our court held that an order that merely stated "Defendant's Motion for Summary Judgment or, in the Alternative, for Dismissal or Abatement for Lack of Standing is granted" is not a final appealable judgment because it "lacks decretal effect." *See also Disco Mach. of Liberal Co. v. Payton*, 900 S.W.2d 71, 73 (Tex. App.–Amarillo 1995, no writ) (concluding an order that grants motion for summary judgment with no decretal language is not a final judgment). Second, in *Texas Windstorm Ins. Ass'n v. Poole*, No. 07-07-0061-CV, 2007 WL 3033780, at *1 (Tex. App.–Amarillo Oct. 18, 2007, no pet.) (mem. op.), the Amarillo Court of Appeals held that an order granting a plea to the trial court's jurisdiction was not a final appealable judgment because it did not include decretal language dismissing the action.

Defendant argues that the March 14 Order is a final judgment because it allegedly disposes of all parties and claims. *See Lehmann v. Har–Con Corp.,* 39 S.W.3d 191, 205 (Tex. 2001). However, the March 14 Order is not a final judgment under *Lehmann* because it does not actually dispose of any claim or party or unequivocally state that it finally disposes of all claims and all parties and is appealable. *See id.* It merely states "this Court is of the opinion that [the motions] should be GRANTED." The March 14 Order does not dispose of the action because it does not include the decretal language typically seen in a judgment (i.e., "ordered, adjudged, and decreed"). *See In re Vaishangi, Inc.,* 442 S.W.3d at 260.

■ Defendant also argues that the record shows that the action was dismissed because the court's online docket sheet so states. However, a mere docket entry is not sufficient to constitute a judgment or decree of the court. *Foster v. Foster,* No. 14-96-01051-CV, 1998 WL 42597, at *2 (Tex. App.–Houston [14th Dist.] Feb. 5, 1998, no pet.) (citing *Loper v. Hosier,* 148 S.W.2d 889, 891 (Tex. Civ. App.–Dallas 1941, writ dism'd judgmt cor.)).

### IV. Conclusion

The trial court's striking of and refusal to consider the merits of Plaintiff's Motion to Resolve the Order of March 14, 2016 and its denial of the Motion to Substitute Counsel was based on the trial court's erroneous determination that its March 14 Order was a final judgment and that its plenary jurisdiction to grant the requested relief had therefore expired. The March 14 Order is not a final judgment because it contains no decretal language that dismisses or otherwise finally disposes of the action. The trial court therefore clearly abused its discretion by refusing to consider the merits of Plaintiff's Motion to Resolve the March 14 Order and Plaintiff's Motion to Substitute Counsel. Plaintiff has no remedy by appeal for this abuse of discretion because the March 14 Order is not appealable. *See In re Metcalfe,* 2007 WL 4064, at *2.

We therefore conditionally grant the petition for writ of mandamus and direct the trial court to vacate its October 10, 2016 Order that strikes Plaintiff's Motion to Resolve the Order of March 14, 2016 and denies Plaintiff's Motion to Substitute Counsel, and to consider the merits of these motions.

We are confident the trial court will act in accordance with this opinion. The writ of mandamus shall issue only if the trial court fails to do so.