**Abatement Order filed November 6, 2018**



In The

# Fourteenth Court of Appeals

_____

## NO.  14-18-00938-CV
_____

### JAMES HUDGENS, Appellant

### V.

### UNIVERSITY OF TEXAS MD ANDERSON CANCER CENTER, Appellee

**On Appeal from the 55th District Court
Harris County, Texas
Trial Court Cause No. 2016-40798**

## ABATEMENT ORDER

Plaintiff/appellant filed a notice of appeal from an order signed August 22, 2018, granting defendant's/appellee's motion for summary judgment. The order lacks decretal language (e.g. "ordered, adjudged, and decreed"). Decretal means the granting or denying of the remedy sought. *In re Wilmington Trust, N.A.*, 524 S.W.3d 790, 792 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding). "An order that merely grants a motion for judgment is in no sense a judgment itself. It adjudicates nothing." *Naaman v. Grider*, 126 S.W.3d 73, 74 (Tex. 2003) (per curiam). Without decretal language, the order granting summary judgment is not a final or otherwise

appealable judgment. *See Wilmington Trust*, 524 S.W.3d at 792.

Texas Rule of Appellate Procedure 27.2 provides:

The appellate court may allow an appealed order that is not final to be modified so as to be made final and may allow the modified order and all proceedings relating to it to be included in a supplemental record.

Tex. R. App. P. 27.2.

Accordingly, we abate this appeal and remand to the trial court to permit the parties to obtain a final judgment. Any party who wishes to appeal from such a final judgment shall file an amended notice of appeal. A supplemental clerk's record containing any such judgment and a transcript of any hearing held in connection with this order shall be filed in this court by **December 6, 2018.**

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the supplemental clerk's record is filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing, if a hearing is required, in compliance with this court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.

PER CURIAM