**Abatement Order filed December 11, 2018**



In The

# Fourteenth Court of Appeals

_____

NO. 14-18-00902-CV
_____

**MICHAEL BALETTE, Appellant**

**V.**

**CATHERINE BALETTE, Appellee**

---

**On Appeal from Probate Court No. 3**
**Harris County, Texas**
**Trial Court Cause No. 451,336-401**

---

## ABATEMENT ORDER

Plaintiff/appellant Michael Balette filed a notice of appeal from an order signed September 26, 2018, granting defendant's/appellee's motion for summary judgment. The order lacks decretal language (e.g. "ordered, adjudged, and decreed"). Decretal means the granting or denying of the remedy sought. *In re Wilmington Trust, N.A.*, 524 S.W.3d 790, 792 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding). "An order that merely grants a motion for judgment is in no sense a judgment itself. It adjudicates nothing." *Naaman v. Grider*, 126 S.W.3d 73, 74 (Tex. 2003) (per curiam). Without decretal language, the order granting summary

judgment is not a final or otherwise appealable judgment. *See Wilmington Trust*, 524 S.W.3d at 792.

Texas Rule of Appellate Procedure 27.2 provides:

The appellate court may allow an appealed order that is not final to be modified so as to be made final and may allow the modified order and all proceedings relating to it to be included in a supplemental record.

Tex. R. App. P. 27.2.

Accordingly, we abate this appeal and remand to the trial court to permit the parties to obtain a final judgment. Any party who wishes to appeal from such a final judgment shall file an amended notice of appeal. A supplemental clerk's record containing any such judgment and a transcript of any hearing held in connection with this order shall be filed with this court by **January 10, 2019.**

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the supplemental clerk's record is filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing, if a hearing is required, in compliance with this court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.

PER CURIAM