

# Fourth Court of Appeals
## San Antonio, Texas

December 11, 2018

No. 04-18-00851-CV

Stephanie **VELA**, Individually and as Next Friend of Juliet Banuelos,
Appellants

v.

James **KEISER**,
Appellee

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2016CI17844
Honorable Cathleen M. Stryker, Judge Presiding

## O R D E R

The clerk's record in this matter was filed on December 4, 2018. Our review of the clerk's record shows appellants filed a notice of appeal on November 9, 2018, in which they state their "desire to appeal … from the Fina Judgment signed … on August 14, 2018." After reviewing the clerk's record, it appears that the document appellants believe is a final judgment is, in actuality, an "Agreed Motion for Judgment" in which appellants request that judgment be rendered in a certain amount. Although the "Agreed Motion for Judgment" was in fact signed by the trial court on August 14, 2018, it contains no adjudicative or decretal language, i.e., it renders no judgment and makes no judicial award.

An order or judgment that does not include decretal language does not result in a final judgment because it adjudicates nothing. *Redwine v. Peckinpaugh*, 535 S.W.3d 44, 48 (Tex. App.—Tyler 2017, no pet.) (citing *In re Wilmington Tr., Nat'l Ass'n*, 524 S.W.3d 790, 702 (Tex. App.—Houston [14th Dist.] 2017, no pet.)). Language employed in a judgment should clearly indicate action of a judicial character. *Id.* (citing *Tourtelot v. Booker*, 160 S.W.3d 293, 296 (Tex. App.—El Paso 1913, writ ref'd)). Accordingly, a judgment must show intrinsically and distinctly, rather than inferentially, that the matters in the record have been determined in favor of one of the litigants or that the rights of the parties in litigation have been adjudicated. *Id.*

"A judgment is the consideration and determination of a court of competent jurisdiction on the matters submitted to it in an action or proceeding." *Id.* (citing *Sw. Bell Tel. Co. v. Griffith*, 575 S.W.2d 92, 96 (Tex. Civ. App.—Corpus Christi 1978, writ ref'd n.r.e.); TEX. R. CIV. P. 301). The primary purpose for a rendition of judgment is to conclude a controversy "with as high of a degree of exact justice as possible. *Id.* (citing *In re Marriage of Grossnickle*, 115 S.W.3d 238,

248 (Tex. App.—Texarkana 2003, no pet.)). As a result, the language in a judgment must be certain and definite, i.e., it must consist of either an award or denial of the remedy sought. *Id.* (citing *State v. Reagan Cty. Purchasing Co.*, 186 S.W.2d 128, 136 (Tex. Civ. App.—El Paso 1944, writ ref'd w.o.m.).

To "adjudge" means to "adjudicate" or to "award judicially." *Adjudge*, Black's Law Dictionary (10th ed. 2009). The word "adjudged" often is used alongside the word "decreed" in the typical decretal language, i.e., "ordered, adjudged, and decreed." Id. (citing *In re Wilmington Tr.*, 524 S.W.3d at 790). In this appeal, the document upon which appellant's rely as the final judgment for purposes of appeal contains no adjudicative or decretal language. Rather, the document is merely a motion, requesting that the trial court render a judgment, i.e., that it adjudge and decree so as to conclude the controversy between the parties.

Accordingly, it appears the alleged "judgment" in this case is not a judgment, but a motion asking the trial court to render judgment. That it was signed and dated by the trial court does not make it a judgment. The document does not indicate action of a judicial character, nor does it shows intrinsically or distinctly that the matters before the court have been determined in favor of one of the litigants and that the rights of the parties have been adjudicated. As it appears there is no document in the clerk's record that can be construed as a final judgment, this court's jurisdiction is in doubt.

Generally, an appeal may be taken only from a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 196 (Tex. 2001). A judgment is final for appellate purposes if it disposes of all pending parties and claims in the record. *Id.* Because it appears there is no final judgment from which appellants may appeal at this time, we **ORDER** appellants to file a written response in this court on or before **January 9, 2019**, showing cause why this appeal should not be dismissed for want of jurisdiction.

If appellants fail to satisfactorily respond within the time provided, the appeal will be dismissed. *See* Tex. R. App. P. 42.3(c). If a supplemental clerk's record is required to establish this court's jurisdiction, appellants must ask the trial court clerk to prepare one and must notify the clerk of this court that such a request was made. All deadlines in this matter are suspended until further order of the court.

We **order** the clerk of this court to serve a copy of this order on the trial court, all counsel, the district clerk, and the court reporter.

_____
Marialyn Barnard, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 11th day of December, 2018.

_____
KEITH E. HOTTLE,
Clerk of Court