**Abatement Order filed June 11, 2019**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-19-00251-CV
_____

**DARYL BARNES AND DEMEATRICE GOFF, Appellant**

**V.**

**RENTERS WAREHOUSE PROFESSIONAL LANDLORDS OF HOUSTON,**
**Appellee**

---

**On Appeal from the 334th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2018-60432**

---

## ABATEMENT ORDER

This is an attempted appeal from the February 25, 2019 order denying the motion to reinstate the underlying suit. The motion to reinstate concerns the order of dismissal signed November 16, 2018. The November 16, 2018 order lacks decretal language (e.g. "ordered, adjudged, and decreed"), nor does it assess costs. Decretal means the granting or denying of the remedy sought. *In re Wilmington Trust, N.A.*, 524 S.W.3d 790, 792 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding). Nor

does the order assess costs or bear other indicia of finality.

If an appellate court is uncertain about a trial court's intent to finally dispose of all claims and parties, it may abate the appeal to permit clarification by the trial court. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 206 (Tex. 2001). Texas Rule of Appellate Procedure 27.2 provides:

> The appellate court may allow an appealed order that is not final to be modified so as to be made final and may allow the modified order and all proceedings relating to it to be included in a supplemental record.

Tex. R. App. P. 27.2.

Accordingly, we abate this appeal and remand to the trial court to permit the trial court to clarify its intent and the parties to obtain a final judgment if warranted. Any party who wishes to appeal from such a final judgment shall file an amended notice of appeal. A supplemental clerk's record containing any such judgment and a transcript of any hearing held in connection with this order shall be filed with this court by **July 11, 2019.**

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the supplemental clerk's record is filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing, if a hearing is required, in compliance with this court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.

PER CURIAM