

# Fourth Court of Appeals
## San Antonio, Texas

February 13, 2020

No. 04-19-00798-CV

Stephen W. **MABERY** and Damon Thorpe,
Appellants

v.

**MORANI RIVER RANCH HOLDINGS LP**, Morani GP LLC, Morani River Ranch LLC,
Kevin L. Reid and Stewards of Wildlife Conservation Inc.,
Appellees

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CI03565
Honorable Antonia Arteaga, Judge Presiding

# O R D E R

Appellants seek to appeal a summary judgment order signed on October 16, 2019. Appellees filed a motion to dismiss the appeal for lack of jurisdiction, arguing the trial court's order is not a final judgment because it does not dispose of all the claims and parties that were before the court. Appellees assert that their claim for attorney's fees remains pending. Appellants filed a response, arguing the summary judgment order actually disposed of all claims and parties.

When there has not been a conventional trial on the merits, an order granting summary judgment is not final for purposes of appeal "unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001). Here, the trial court's order does not unequivocally state that it finally disposes of all claims and parties, nor does it actually dispose of any claim or party. *See id.* The trial court's order does not include any decretal language that is typically seen in a judgment, such as the phrase "ordered, adjudged, and decreed;" the order does not state how the granting of Appellees' motion for summary judgment legally effects the parties' respective claims; and the order does not expressly dispose of the Appellees' request for attorney's fees. *See, e.g.*, *In re Wilmington Tr., Nat'l Ass'n*, 524 S.W.3d 790, 791 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding) (holding an order was not a final judgment when the order failed to include any decretal language); *see also In re Educap, Inc.*, No. 01–12–00546–CV., 2012 WL 3224110, at *2 (Tex. App.—Houston [1st Dist.] 2012, no

pet.) (determining a trial court did not render a final judgment when the judgment failed to address a claim for attorney's fee, which was expressly asserted in the party's answer and motion for summary judgment). Instead, the trial court's order merely states that it "grants Defendants['] . . . Motion for Summary Judgment." "An order that merely grants a motion for judgment is in no sense a judgment itself. It adjudicates nothing." *Naaman v. Grider*, 126 S.W.3d 73, 74 (Tex. 2003) (per curiam).

Accordingly, we *sua sponte* **ABATE** this appeal and **ORDER** the trial court to clarify whether it intended to render a final judgment on Appellants' claims against Appellees and, if so, to sign a judgment that is final for purposes of appeal. *See Lehmann*, 39 S.W.3d at 206 ("If the appellate court is uncertain about the intent of the order, it can abate the appeal to permit clarification by the trial court."); *Hodo v. State*, 419 S.W.3d 382, 385 (Tex. App.—Amarillo 2010, order) ("If an appellate court is uncertain about the intent of an order to finally dispose of all claims, it can abate the appeal to permit clarification by the trial court.").

We further **ORDER** the trial court to cause a supplemental clerk's record containing any pleadings, orders, or judgment relating to this order to be filed in this court **within 45 days of the date of this order**. All other appellate deadlines are suspended pending further order of this court.

_____
Rebeca C. Martinez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 13th day of February, 2020.

_____
MICHAEL A. CRUZ,
Clerk of Court