

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00187-CV

_____

IN THE MATTER OF THE
GUARDIANSHIP OF MAY K. JONES, AN INCAPACITATED PERSON

---

On Appeal from Probate Court
Denton County, Texas
Trial Court No. PR-2014-00591-01

---

Before Kerr, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Womack

**MEMORANDUM OPINION**

On July 17, 2017, appellants Kathy Jones-Hospod a/k/a Kathy Jones and Judy Jones filed a petition for bill of review challenging certain orders the probate court had previously signed in this guardianship proceeding. In response, appellees Ellen Nadene Smith and Patricia Peacock filed a motion to dismiss the petition and sought sanctions against appellants for filing it in the first place. Virginia N. Hammerle, the guardian ad litem for the ward in this case, additionally filed two separate motions to dismiss.

While their petition for bill of review was still pending, appellants filed a motion to disqualify or recuse the probate judge. Appellees filed a response and sought sanctions against appellants for filing the motion, arguing that it was groundless, that appellants had filed it in bad faith or for the purpose of harassment, and that they had filed it for unnecessary delay and without sufficient cause. The disqualification and recusal motion was referred to another judge, who denied it and signed an order imposing sanctions against appellants and their attorney for filing it.

The probate court set a hearing on the motions to dismiss appellants' petition for bill of review and on Smith's and Peacock's motion for sanctions for April 15, 2019. Prior to the hearing, Jones filed an unsworn motion for continuance asking for a delay of that hearing. The probate court denied the motion for continuance and then, in a single order signed on April 29, 2019, granted all three of the motions to dismiss, as well as Smith's and Peacock's motion for sanctions. Appellants then filed

2

a notice of appeal stating that they intended to appeal from all of the previously mentioned orders.

Upon reviewing the record, we became concerned that we might lack jurisdiction over this appeal. Specifically, we observed that the probate court's April 29, 2019 order granting appellees' motions to dismiss and granting Smith's and Peacock's motion for sanctions lacks decretal language disposing of appellants' petition for bill of review and thus does not appear to be a final judgment for purposes of appeal in this guardianship proceeding. *See In re Wilmington Tr., Nat'l Ass'n*, 524 S.W.3d 790, 792 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding) ("An order that merely grants a motion for judgment is in no sense a judgment itself. It adjudicates nothing." (quoting *Naaman v. Grider*, 126 S.W.3d 73, 74 (Tex. 2003) (per curiam))). We therefore asked the parties to file supplemental briefs addressing our jurisdictional concerns. *See* Tex. R. App. P. 42.3(a), 44.3. The parties did so. As we now explain, after reviewing the parties' supplemental briefing, we conclude that the April 29, 2019 "Order Granting Sanctions and Dismissing Case" is not final for purposes of appeal and that we therefore lack jurisdiction over this appeal.

In their supplemental briefs, appellees concede that the probate court's April 29, 2019 "Order Granting Sanctions and Dismissing Case" is not final because it does not include any decretal language disposing of appellants' petition for bill of review or unequivocally state that it finally disposes of all claims and all parties and is appealable. *See Wilmington Tr.*, 524 S.W.3d at 793 (stating that order at issue was not a

3

final judgment "because it [did] not actually dispose of any claim or party or unequivocally state that it finally disposes of all claims and all parties and [was] appealable"). Appellants, however, contend that the order is final for purposes of appeal in this guardianship context. They point out that although the order does not dispose of the entire case, guardianship proceedings are an exception to the ordinary rule that only one final judgment may be rendered in a cause. And they contend that the April 29, 2019 "Order Granting Sanctions and Dismissing Case" is final within the context of a guardianship proceeding because it disposes of their claims, thereby ending their right to participate in the guardianship.

We agree with appellants that guardianship proceedings are often an exception to the one final judgment rule and that consequently, multiple judgments that are final for purposes of appeal might be rendered in such proceedings. *See In re Guardianship of Benavides*, 403 S.W.3d 370, 374 (Tex. App.—San Antonio 2013, pet. denied) (noting that "probate and guardianship proceedings are often exceptions to the 'one final judgment' rule" (quoting *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006)). But we disagree with appellants that the April 29, 2019 "Order Granting Sanctions and Dismissing Case" actually disposes of their petition for bill of review such that it resolves a discrete issue in this proceeding.

As relevant here, after reciting that the probate court had considered the three motions to dismiss that appellees and Hammerle filed as well as Smith's and Peacock's motion for sanctions, the order states that the court found that "each of the motions

4

has merit and should in all things be GRANTED." The order additionally references

those three dismissal motions separately, providing as follows:

> IT IS FURTHER ORDERED that Ellen Smith's and Patricia Peacock's Motion to Dismiss filed on October 30, 2017 is GRANTED.

> IT IS FURTHER ORDERED that Guardian Ad Litem's Motion to Dismiss filed on July 6, 2018, is GRANTED.

> IT IS FURTHER ORDERED that Guardian Ad Litem's Motion to Dismiss for Lack of Jurisdiction filed on October 2, 2018 is GRANTED.

The order ends by stating, "All relief not expressly granted herein is denied.[1] This

order is a final order.[2]" But the order contains no decretal language actually

disposing of appellant's petition for bill of review. *See Wilmington Tr.*, 524 S.W.3d

at 793 (concluding that although the order at issue stated that the motions in question

should be granted, it did not actually dispose of the cause because it did "not include

the decretal language typically seen in a judgment (i.e., 'ordered, adjudged, and

decreed')" (citing *In re Vaishangi, Inc.*, 442 S.W.3d 256, 260 (Tex. 2014) (per curiam)

---

[1]This is a "Mother Hubbard" clause. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 203–04 (Tex. 2001) (noting that a Mother Hubbard clause is a statement that "'all relief not granted is denied', or essentially those words"). In the context of an order disposing of an interlocutory motion, a Mother Hubbard clause does not indicate that the order is final for purposes of appeal. *See id.* at 204 ("For whatever reason, the standard Mother Hubbard clause is used in interlocutory orders so frequently that it cannot be taken as any indication of finality.").

[2]The statement, "This order is a final order," does not make the April 29, 2019 "Order Granting Sanctions and Dismissing Case" final for purposes of appeal. *See Wright v. Payne*, No. 02-19-00147-CV, 2019 WL 6003243, at *2 (Tex. App.—Fort Worth Nov. 14, 2019, no pet.) (mem. op.); *see also id.* at *3 (Sudderth, C.J., concurring).

5

(orig. proceeding)). Thus, even assuming that an order disposing of a party's petition for bill of review in a guardianship proceeding resolves a discrete issue such that the order is final for purposes of appeal, because the order at issue here lacks decretal language, it does not actually dispose of appellant's petition for bill of review. Accordingly, we conclude that the April 29, 2019 "Order Granting Sanctions and Dismissing Case" is not final for purposes of appeal in this guardianship proceeding, notwithstanding the fact that such proceedings generally present an exception to the one final judgment rule.

Appellees contend that instead of dismissing this case for want of jurisdiction, we may, under Rule 27.2, abate this case and remand it to the probate court with instructions to modify the order in such a way as to make it final and appealable, and Smith and Peacock have filed a motion to abate asking us to do that. Rule 27.2 provides that an appellate court

> may treat actions taken before an appealable order is signed as relating to an appeal of that order and give them effect as if they had been taken after the order was signed. *The appellate court may allow an appealed order that is not final to be modified so as to be made final and may allow the modified order and all proceedings relating to it to be included in a supplemental record.*

Tex. R. App. P. 27.2 (emphasis added).

To support their motion, Smith and Peacock cite us to our sister court's abatement order in *Harrison v. TDCJ-ID*, 134 S.W.3d 490, 491 (Tex. App.—Waco 2004, order) (per curiam). There, the Waco court applied *Lehmann* and determined that the order from which the appellant had appealed was not a final, appealable order

6

because it did not dispose of the appellant's claims against one of the parties he had sued. *See id.* (citing *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001)). The court also determined, however, that the trial court had actually intended to render a final judgment. *See id.* at 492. So rather than dismissing the appeal for want of jurisdiction, the court instead pointed to a portion of the Supreme Court of Texas opinion in *Lehmann* and concluded that it could abate the appeal under Rule 27.2 and remand the case to the trial court to fix the defect in its order. *See id.* at 491–92 (citing *Lehmann*, 39 S.W.3d at 206 & n.92). The court did so, instructing the trial court that if it had "intended to render a final judgment, then it should enter an appropriate order to effectuate its intent" on remand. *See id.* at 492. Smith and Peacock ask us to do likewise here.

We decline to do so, however. The Waco court has overruled its prior decisions, including *Harrison*, "that abated (rather than dismissed) the appeal in cases where [it] lacked jurisdiction because the order or judgment being appealed was indisputably interlocutory." *See In re H.L.H.*, No. 10-16-00111-CV, 2016 WL 3224798, at *1 n.1 (Tex. App.—Waco June 9, 2016, no pet.) (mem. op.). Instead, that court has now determined that if there is no final judgment and the order being appealed is indisputably interlocutory, then an appellate court lacks jurisdiction and cannot abate the appeal. *See id.* at *1.

More importantly, however, we do not understand *Lehmann* to permit abatement under Rule 27.2 given the specific defect in the order before us. In

7

*Lehmann*, the court explicitly tied an appellate court's discretion to abate an appeal under Rule 27.2 to situations in which the court is uncertain about the intent of the order being appealed. *See* 39 S.W.3d at 206 & n.92 (citing Rule 27.2 and noting that "[i]f the appellate court is uncertain about the intent of the order, it can abate the appeal to permit clarification by the trial court"); *see also Evanston Ins. Co. v. D & L Masonry of Lubbock, Inc.*, No. 07-10-00253-CV, 2010 WL 3190660, at *2 n.1 (Tex. App.—Amarillo Aug. 12, 2010, no pet.) (mem. op.) (concluding that abatement under Rule 27.2 for a trial court to clarify whether it intended an order to be a final judgment "is available only when the appellate court is 'uncertain' whether the trial court intended to enter a final judgment"); *Mullins v. Ortiz*, No. 10-08-00225-CV, 2009 WL 1176922, at *3 (Tex. App.—Waco Apr. 29, 2009, order) (per curiam) (Gray, C.J., dissenting) (noting same). As we have explained above, we have no uncertainty regarding the April 29, 2019 "Order Granting Sanctions and Dismissing Case"; the order unambiguously fails to dispose of appellants' petition for bill of review. *See Wilmington Tr.*, 524 S.W.3d at 792 ("An order that merely grants a motion for judgment is in no sense a judgment itself. It adjudicates nothing." (citing *Naaman*, 126 S.W.3d at 74)). And because we have no uncertainty, we cannot abate under Rule 27.2. *See H.L.H.*, 2016 WL 3224798, at *1; *Evanston Ins. Co.*, 2010 WL 3190660, at *2 n.1.

Having concluded that the record before us does not contain an appealable order, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f). We

8

additionally dismiss Smith's and Peacock's motion to abate.  *See H.L.H.*, 2016 WL 3224798, at *1.[3]

/s/ Dana Womack

Dana Womack
Justice

Delivered:  April 16, 2020

---

[3]Appellants filed a response to Smith's and Peacock's motion to abate.  In that response, appellants state that we "should carefully consider whether the conduct of opposing counsel merits sanctions," and in their "conclusion and prayer," appellants additionally ask that we "consider the issue of sanctions, if any, directed to discouraging the conduct of opposing counsel occurring during this appeal."  To the extent that these statements can be construed as a motion for sanctions, that motion is dismissed.