**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-21-00247-CV**
_____

**SHARON APPLETON, Appellant**

**V.**

**CONSOLIDATED CRANE AND RIGGING, LLC, Appellee**

**On Appeal from the 457th District Court**
**Montgomery County, Texas**
**Trial Cause No. 21-07-10414-CV**

**ORDER**

Appellee Consolidated Crane and Rigging, LLC ("CCR"), filed a motion to dismiss because Sharon Appleton, appellant, filed her notice of appeal from the trial court's June 29, 2021 order on August 16, 2021, a date that is outside the time for which an extension may be granted to perfect an appeal. In response, Appleton argues the trial court's June 29, 2021 order is not a final judgment because it lacks essential decretal language that disposes of her claims against CCR.

1

Appleton sued Becky Mixon, Melvin Mixon and CCR for the wrongful death of her husband, Alfred Appleton. Appleton alleged that CCR was liable on a theory of respondeat superior, negligent hiring, negligent training, and negligent supervision of its employee, Melvin Mixon. CCR filed a motion for traditional and no-evidence summary judgment. CCR argued Mixon was not acting in the course and scope of his employment when the accident occurred and CCR owed no duty to Alfred Appleton. CCR asked the trial court to sever Appleton's claims against CCR so that the summary judgment order would be a final disposition as to CCR. Appleton filed her summary judgment response on June 18, 2021.

On June 29, 2021, the trial court signed an order granting CCR's traditional and no-evidence motion for summary judgment. The text of the order stated:

> Came on for consideration Defendant Consolidated Crane & Rigging, LLC's ("CCR") Traditional and No-Evidence Motion for Summary Judgment. The Court, having reviewed the pleadings and heard arguments of counsel, is of the opinion that it should be GRANTED.
>
> IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that CCR's Traditional Motion for Summary Judgment is GRANTED.
>
> IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that CCR's No-Evidence Motion for Summary Judgment is GRANTED.
>
> IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that CCR's Motion for Severance is GRANTED. Plaintiff's claims against CCR are hereby severed into the separate cause number of 20-01-00858-B and a copy of the following documents shall be included in that file:

1. Plaintiff's Second Amended Petition (08/28/20);

2. CCR's First Amended Answer (04/19/21);

3. CCR's Traditional and No-Evidence Motion for Summary Judgment (05/14/21);

4. All documents filed in this Cause after 05/14/21;

5. A copy of the docket sheet; and

[6]. A copy of this order.

However, nowhere in this order did the trial court include essential decretal language that disposed of the claims against CCR or stated that the severance was so that the summary judgment order would be a final disposition as to CCR.

In addition to the above, on May 28, 2021, CCR filed a motion for sanctions against Appleton for making what CCR claimed were patently false statements in her Plaintiff's Second Amended Petition. *See generally* Tex. Civ. Prac. & Rem. Code Ann. § 10.001; *see also* Tex. R. Civ. P. 215. On June 21, 2021, Appleton filed a motion to compel the deposition of CCR's corporate representative and requested sanctions against CCR for failing to produce key documents regarding Appleton's negligent supervision and training claims. *See* Tex. R. Civ. P. 215. On July 6, 2021, the trial court signed an order (bearing trial cause number 20-01-00858-B) setting CCR's motion for sanctions for oral hearing on July 9, 2021. However, no hearing or order on the motion for sanctions appears in the record. This action subsequent to

the June 29, 2021 order also brings into question whether or not the trial court intended its June 29, 2021 order to in fact be a final order.

A notice from the District Clerk dated July 28, 2021, informed CCR's counsel that her office had completed the severance and assigned an entirely new case number, 21-07-10414-CV, to the severed cause. The District Clerk's letter indicates a copy was sent to Appleton's attorney. A new lawyer for Appleton filed a notice of appearance in the severed cause on August 16, 2021. Appleton filed a notice of appeal on August 16, 2021.

Generally, a notice of appeal must be filed within thirty days after the judgment is signed. *See* Tex. R. App. P. 26.1. The appellate court may extend the time for filing a notice of appeal if the notice is filed within fifteen days of the deadline. *See* Tex. R. App. P. 26.3. If the June 29, 2021 order functioned as the final judgment in trial cause number 21-07-10414-CV, notice of appeal was due July 29, 2021, and the period for an extension expired August 13, 2021. However, in this case, the notice of appeal was not filed until August 16, 2021.

To be final, a judgment must dispose of all issues and parties in a case. *N.E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex. 1966). No presumption of finality arises when a judgment is signed without a traditional trial on the merits. *Crites v. Collins*, 284 S.W.3d 839, 841 (Tex. 2009). To determine whether such an order is final, we examine the express language of the order and whether the order

4

actually disposes of all claims against all parties. *Id*. "A judgment that finally disposes of all remaining parties and claims, based on the record in the case, is final, regardless of its language." *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001). "Thus, if a court has dismissed all of the claims in a case but one, an order determining the last claim is final." *Id*.

A judgment is final either if "it actually disposes of every pending claim and party" or "it clearly and unequivocally states that it finally disposes of all claims and all parties." *Id.* at 205. When unmistakable language of finality is missing, the record resolves the issue. *Bella Palma, LLC v. Young*, 601 S.W.3d 799, 801 (Tex. 2020).

Appleton argues the trial court's June 29, 2021 order is not a final judgment because it lacks essential decretal language. We agree. The decretal portion of a judgment grants or denies the remedy sought. *Matter of Guardianship of Jones*, No. 20-0439, 2021 WL 4228048, at *3 (Tex. Sept. 17, 2021). "An order that merely grants a motion for judgment is in no sense a judgment itself. It adjudicates nothing." *Naaman v. Grider*, 126 S.W.3d 73, 74 (Tex. 2003). But finality requires no particular phraseology so long as the judgment is expressed in language which is significant in common understanding and parlance. *Jones*, 2021 WL 4228048, at *3.

"An order that merely grants a motion for summary judgment without any decretal language actually disposing of a claim is not a judgment on any claim." *Frausto v. RC Indus. LLC*, 605 S.W.3d 54, 56 (Tex. App.—San Antonio 2020, no

pet.); *see also* S*hetewy v. Mediation Institute of N. Tex., LLC,* 624 S.W.3d 285, 287 (Tex. App.—Fort Worth 2021, no pet.) (order granting motion to dismiss with prejudice lacked necessary decretal language); *In re Wilmington Trust, N.A.*, 524 S.W.3d 790, 792 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding) (order granting objections to venue and motion to dismiss without decretal language disposing of the action); *Disco Mach. of Liberal Co. v. Payton*, 900 S.W.2d 71, 73 (Tex. App.—Amarillo 1995, no writ) (an order that grants motion for summary judgment with no decretal language is not a final judgment).

In *Jones*, the trial court signed an order that granted the defendant's motion for summary judgment. 2021 WL 4228048, at *3. Although the order failed to order that the plaintiff take nothing, the order did state, "This order is a final order." *Id.* at *1. However, in this case, the trial court's June 29, 2021 order does not state that it is a final order.

"The appellate court may allow an appealed order that is not final to be modified so as to be made final and may allow the modified order and all proceedings relating to it to be included in a supplemental record." Tex. R. App. P. 27.2. Accordingly, we abate the appeal and remand the cause to the trial court. *See id.* Upon remand, the trial court may issue such further orders or judgments necessary to create a final, appealable order in this cause. Unless a final, appealable order or judgment is included in a supplemental clerk's record and filed with the

6

clerk of this Court on or before November 29, 2021, the appeal will be reinstated and dismissed for want of jurisdiction.

ORDER ENTERED October 26, 2021.

PER CURIAM

Before Golemon, C.J., Kreger and Johnson, JJ.